812 So.2d 1094 (2001)
Jimmy GRIMES, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-CP-01042-COA.
Court of Appeals of Mississippi.
March 27, 2001.
Jimmy Grimes, pro se.
*1095 W. Glenn Watts, State of Mississippi, Attorney General's Office, Attorneys for Appellee.
Before SOUTHWICK, P.J., MYERS, and CHANDLER, JJ.
CHANDLER, J., for the Court:
¶ 1. Jimmy Grimes pled guilty to conspiracy to falsely and maliciously indict or procure the arrest of his estranged wife, Dottie Grimes, for the felony crime of possession with intent to distribute marijuana. The Tishomingo County Circuit Court sentenced Grimes to five years imprisonment, with three years suspended and two to serve, and ran the sentence concurrent to the sentence Grimes was serving for an unrelated crime. Grimes petitioned for post-conviction relief which the circuit court denied without an evidentiary hearing. On appeal, Grimes alleges that his plea was not voluntarily and knowingly made and that he received ineffective assistance of counsel. Finding no error, we affirm.

FACTS
¶ 2. Jimmy Grimes arranged for his friend Darrin Clark to secretly stash some marijuana in a chair located in Dottie Grimes's house. Grimes then directed his brother, Henry Grimes, to anonymously telephone the police and inform them that Dottie had marijuana hidden in a chair in her home. When the police arrived to search her home, Dottie showed the police to a small amount of marijuana that she kept for personal use. She then allowed the police to search the remainder of her home. The police arrested Dottie after they found the marijuana in the chair.
¶ 3. Henry admitted to his part in the conspiracy to set Dottie up with marijuana. He and Darrin Clark pled guilty to conspiracy to falsely and maliciously indict or procure the arrest of Dottie Grimes for the felony crime of possession with intent to distribute marijuana. Grimes also pled guilty to the conspiracy charge. The lower court sentenced Grimes to five years imprisonment. The court suspended three years of the sentence and ordered him to serve the remaining two years. The trial court ran the two years concurrently with the sentence Grimes was already serving for an unrelated crime.

LAW AND ANALYSIS

I. WAS THE PLEA VOLUNTARILY AND KNOWINGLY MADE?
¶ 4. Grimes argues that his plea was involuntary because he was coerced into admitting guilt. Specifically, Grimes complains that his attorney's threat to withdraw from the case was coercive. The transcript of the plea colloquy reveals that when the judge asked Grimes if he committed the crime described in the indictment, Grimes responded: "No, sir." The judge halted the proceedings to allow Grimes's attorney to speak with Grimes privately. When the proceedings resumed, Grimes's attorney asked to withdraw from the case. Grimes's attorney explained that he had negotiated a good plea bargain for Grimes based upon Grimes's multiple assurances that he wished to plead guilty. Grimes's attorney told the lower court: "He certainly has the right to proceed to trial, and I certainly would never as an officer of the court have anyone offer a plea of guilty who is not guilty. However, that's not what was told to me yesterday. And based on that I believe the defendant's playing games with the Court."
¶ 5. Immediately after his attorney made the statement that Grimes was playing games with the court, Grimes stated: "Sir, I'm not playing games with the Court. I come [sic] to plead guilty." The judge *1096 informed Grimes that he could not accept a guilty plea if Grimes asserted his innocence. Grimes insisted: "I plead guilty." The judge again described the charge to Grimes and asked Grimes if he committed the crime. Grimes responded that he committed the crime. The State then described the evidence that it would present against Grimes if the case went to trial, including a summary of the testimony of the State's witnesses. The judge asked Grimes if the State's rendition of what took place was fair. Grimes responded: "Close enough, yes, sir." The judge ruled that Grimes's plea was knowingly and voluntarily made.
¶ 6. "Before the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea." URCCC 8.04(A)(3). A guilty plea can be rendered involuntary when it is "induced by fear, violence, deception, or improper inducements." Id. Before the trial judge accepted Grimes's guilty plea, he asked Grimes if anyone had pressured him into pleading guilty. Grimes responded: "No, sir." The court then stated:
I understand that the record would indicate that your attorney expected you to plead guilty today and when that did not transpire, he asked for leave to withdraw as counsel.
But notwithstanding that, do you understand that you do not have to plead guilty to this charge here today? Do you understand that?
Grimes responded: "Yes, sir." In view of the numerous times the trial judge queried Grimes regarding his desire to plead guilty, and in view of Grimes's statement that he understood that he did not have to plead guilty even though his attorney threatened to withdraw, Grimes's assertion that his attorney's "coercion" rendered the plea involuntary is without merit.

II. DID GRIMES RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL?
¶ 7. According to Grimes, his attorney's "coercion" rendered his counsel ineffective. Grimes further complains that his guilty plea was motivated by his lawyer's erroneous advice. Finally, Grimes complains that his counsel's failure to object to the indictment constitutes ineffective assistance.
¶ 8. Ineffective assistance of counsel claims are judged by the standard in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under Strickland, Grimes must prove that his attorney's performance was deficient and that the deficient performance prejudiced him. Richardson v. State, 769 So.2d 230 (¶ 10) (Miss.Ct.App.2000). Grimes was required to: "`[S]pecifically allege facts showing that effective assistance of counsel was not in fact rendered, and he must allege with specificity the fact that but for such purported actions by ineffective counsel, the results of the trial court decision would have been different.'" Ford v. State, 708 So.2d 73(¶ 8) (Miss.1998) (citing Smith v. State, 434 So.2d 212, 219 (Miss.1983)). Grimes attributed his guilty plea, in part, to his attorney's erroneous advice; however, Grimes did not specify what advice he received or how it was erroneous. Grimes's bald assertion that he relied upon erroneous advice lacks the specificity required by Richardson, and makes it impossible for this Court to evaluate his claim of deficient performance. Grimes further failed to specify how the outcome would have been different but for his attorney's alleged erroneous advice.
¶ 9. Grimes's claim that his attorney's alleged coercion constituted ineffective assistance is belied by the record. *1097 The transcript of the plea colloquy clearly shows that the trial judge gave Grimes many opportunities to back out of the plea. Grimes assured the court that he desired to plead guilty, he stated on the record that he was pleased with his attorney's representation, and he told the court that no one had pressured him into pleading guilty. Grimes simply failed to prove that his attorney's request to withdraw constituted deficient performance. Further, Grimes failed to prove that he was prejudiced by his attorney's threat to withdraw.
¶ 10. Finally, Grimes's attorney's failure to object to the indictment did not constitute ineffective assistance of counsel. Grimes claims that the indictment was faulty; however, Grimes did not point out any specific problems that would render the indictment defective. There are only two circumstances in which a voluntary guilty plea will not waive a defect in an indictment: (1) when the indictment fails to charge a necessary element of the crime, and (2) when the trial court does not have subject matter jurisdiction. Garrette v. State, 763 So.2d 177 (¶ 17) (Miss.Ct.App.2000). The indictment in the present case charges all of the elements necessary for the crime charged and the circuit court had jurisdiction over the subject matter.
¶ 11. Grimes's attorney negotiated a plea bargain which required his client to serve only two years of a five-year sentence, with the two years to run concurrently with the sentence Grimes was already serving on an unrelated conviction. Because of the efforts of his counsel, Grimes would not serve any additional time in prison. In short, not only was Grimes's attorney not ineffective, he was highly capable and Grimes was fortunate to have him as his attorney. Grimes's assertion to the contrary is without merit.
¶ 12. THE JUDGMENT OF THE TISHOMINGO COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS ARE ASSESSED TO TISHOMINGO COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, LEE, IRVING and MYERS, JJ., concur.