922 So.2d 802 (2005)
Bilbo BUSH, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2004-CA-00210-COA.
Court of Appeals of Mississippi.
June 7, 2005.
Rehearing Denied November 15, 2005.
Certiorari Denied March 2, 2006.
*804 Laurel G. Weir, Philadelphia, attorney for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before KING, C.J., IRVING and GRIFFIS, JJ.
GRIFFIS, J., for the Court.
¶ 1. Bilbo Bush appeals the trial court's denial of his motion for post-conviction relief. On appeal he argues that: (1) his plea of guilty is void, (2) the trial court erred in finding that he pled guilty under Alford, (3) the trial court erred in finding no minimum sentence for his alleged crime, (4) he received ineffective assistance of counsel, and (5) his guilty plea was not entered voluntarily. We find no error and affirm.

FACTS
¶ 2. Despite his claim of innocence, Bilbo Bush pled guilty to the charge of sexual battery of a ten-year-old girl. He acknowledged that the State's proof, if presented to a jury, would warrant the jury in finding him guilty of sexual battery. He further acknowledged that it was in his best interest to offer a plea of guilty under the circumstances. He was sentenced to serve a term of twelve years in the custody of the Mississippi Department of Corrections with four years suspended and five years post-release supervision. Bush was ordered to pay a $2,500 fine as well as all court costs. He was further ordered, upon release, to register as a sex offender and to be evaluated by a competent psychiatrist or psychologist trained in the evaluation and treatment of sex offenders. Bush filed a motion for post-conviction relief which was denied by the trial court. He now appeals to this Court.

STANDARD OF REVIEW
¶ 3. In reviewing a trial court's decision to deny a motion for post-conviction relief, the standard of review is clear. The trial court's denial will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct. App.2002).

ANALYSIS

I. Is Bush's plea of guilty void?

II. Did the trial court err in finding that Bush pled guilty under Alford?
¶ 4. Since Bush's first two arguments are interrelated, we will discuss them together. Bush contends that his *805 plea of guilty is void under Mississippi law. He claims he entered a plea of nolo contendere. He argues that this plea is void because Mississippi does not permit a plea of nolo contendere in felony cases. In support of his argument, Bush cites Keyes v. State, 312 So.2d 7, 10 (Miss.1975), which states that a plea of nolo contendere is only available in misdemeanor cases, not felony cases. Bush is correct that a plea of nolo contendere is inapplicable in felony cases. However, the record indicates that Bush did not enter a plea of nolo contendere. Instead, the record shows that Bush entered a valid plea of guilty often referred to as an Alford plea in recognition of the holding by the Supreme Court in North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). In Alford, the Court held that Alford's guilty plea to murder together with evidence from three witnesses formed a sufficient factual basis for accepting Alford's plea even though it was accompanied by Alford's protestation of innocence. Id. at 37. The court found no constitutional error in accepting a guilty plea despite a protestation of innocence, when the defendant knowingly and intelligently concluded that his best interests required entry of the guilty plea and the trial judge made a determination on the record that there was strong evidence of actual guilt. Id.
¶ 5. Bush argues the trial court erred in concluding that he pled guilty under Alford. However, after Bush stated that he fully understood the charge, he and the trial judge engaged in the following conversation:
Q: I've been advised by your attorney that you are requesting that the court allow you to enter what's called an Alford plea under the authority of the case of Alford v. North Carolina, that you are telling the Court that while you are not making an admission to actually committing this offense, you are telling me, the Court, that you recognize and agree that the State of Mississippi has proof which, if presented to a jury in the trial of this case, would warrant a jury in finding you guilty of that offense. Is that what you are telling me, Mr. Bush?
A: Yes, sir.
Q: And, further, are you telling me that in light of that evidence which the State has and which could prove and which would warrant a jury in convicting you of this offense, that you believe it's in your best interests to offer this plea of guilty under these circumstances?
A: Yes, sir. Yes, sir.
Thus, Bush clearly acknowledged the nature of his plea.
¶ 6. Bush contends that there was no factual basis to his plea of guilt and that no witnesses testified that he was guilty of the alleged crime. However, the ten-year-old victim testified that Bush had placed his finger in her vagina "every morning" for "three months." Furthermore, the State prosecutor stated in detail what he intended to prove and how he intended to prove it. Before it may accept the plea, the trial court must have before it substantial evidence that the accused did commit the legally defined offense to which he is offering the plea. Corley v. State, 585 So.2d 765, 767 (Miss.1991). There must be enough that the court may say with confidence the prosecution could prove the accused guilty of the crime charged. Id. Upon review, we find there was substantial evidence that Bush committed sexual battery. Thus, the trial court did not err in accepting Bush's plea under Alford.

*806 III. Did the trial court err in finding no minimum sentence for Bush's alleged crime?

¶ 7. Bush argues that the trial court erred in finding there was no minimum sentence for the alleged crime of sexual battery. He claims that the minimum sentence is zero years and since the trial court failed to inform him of the minimum penalty, his sentence should be reversed.
¶ 8. "[W]here the statute specifies no minimum number of years of imprisonment, the judge is not obliged to inform the defendant that no minimum sentence is provided, or that the minimum penalty he faces is zero." Vance v. State, 803 So.2d 1265, 1269(¶ 16) (Miss.Ct.App.2002) (citing Bevill v. State, 669 So.2d 14, 18 (Miss. 1996)). Thus, Bush had no right to be informed that the statute contains no minimum sentencing requirement or that the minimum penalty was zero years. Nevertheless, the trial judge informed Bush that the minimum sentence for the crime charged was "any term of years ... up to 30 [years]." Zero years falls within that time frame. Thus, this issue is without merit.

IV. Did Bush receive ineffective assistance of counsel?
¶ 9. Bush contends he received ineffective assistance of counsel. The standard applied to claims of ineffective assistance of counsel was first articulated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prove ineffective assistance of counsel, Bush must demonstrate that his counsel's performance was deficient and that this deficiency prejudiced his defense. Id. at 687, 104 S.Ct. 2052. The burden of proof rests with Bush. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). Bush contends that his counsel was deficient since he failed to explain the consequences of a plea nolo contendere and misrepresented the Alford rule. As discussed previously, the record reflects that Bush did not enter a plea of nolo contendere, but instead pled guilty under Alford. The trial judge clearly explained to Bush the consequences of pleading guilty under Alford and therefore did not misrepresent the rule.
¶ 10. Bush also claims his attorney gave him erroneous advise and "threatened" that if he went to trial, he would receive twenty to thirty years. We find nothing wrong with a lawyer informing his client of the realities of the situation. The record indicates that the evidence proffered by the State was strong. The State's proof included the testimony of the ten-year-old victim, the victim's mother, and the physician who observed a vaginal abrasion suffered by the victim, which the physician opined was caused by digital penetration. Thus, there was sufficient evidence against Bush. Therefore, the defense counsel's generalized prediction that Bush might receive the maximum penalty of thirty years if he went to trial and was found guilty is insufficient to entitle Bush to any post-conviction relief.
¶ 11. In a post-conviction relief proceeding, the post-conviction applicant must demonstrate with specificity and detail the elements of the claim. Woodward v. State, 635 So.2d 805, 808 (Miss.1993). Upon review, we find the trial court was correct in ruling that Bush did not meet this burden. Thus, we find no error.

V. Was Bush's guilty plea entered voluntarily?
¶ 12. Bush contends that his guilty plea was involuntary since his lawyer told him that if he did not enter a plea of guilty, he would be sentenced to thirty *807 years in prison. However, the record reflects that Bush was advised of his constitutional rights and the consequences of his guilty plea. Bush stated under oath that his plea of guilty was made freely and voluntarily without any threats or promises. Statements such as these made in open court under oath are viewed as highly credible. Gable v. State, 748 So.2d 703, 706(¶ 11) (Miss.1999). Furthermore, if the defendant is advised regarding the nature of the charge and the consequences of the plea, then the plea is considered voluntary and intelligent. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). A trial judge may disregard the assertions made by a post-conviction movant where, as here, they are substantially contradicted by the court record of proceedings that led up to the entry of judgment of guilt. White v. State, 818 So.2d 369, 371(¶ 4) (Miss.Ct.App.2002). Therefore, Bush's argument that his guilty plea was not entered voluntarily is without merit.
¶ 13. Upon review, we find the trial court was correct in denying Bush's motion for post-conviction relief. Therefore, we find no error.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF ITAWAMBA COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ., CONCUR.