966 So.2d 827 (2007)
Mark Anthony COUGLE, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CP-00744-COA.
Court of Appeals of Mississippi.
May 22, 2007.
Rehearing Denied October 16, 2007.
*828 Mark Anthony Cougle, Appellant, pro se.
Office Of The Attorney General by W. Glenn Watts, attorney for appellee.
Before LEE, P.J., GRIFFIS and ROBERTS, JJ.
GRIFFIS, J., for the Court.
¶ 1. Mark Anthony Cougle appeals the denial of his petition for post-conviction relief. On appeal, he alleges three errors: (1) his plea was involuntary and unintelligently entered; (2) there was no factual basis for the acceptance of the Alford plea; and (3) his attorney provided ineffective assistance of counsel. We find no error and affirm.

FACTS
¶ 2. On June 4, 2003, Cougle was indicted in Calhoun County Circuit Court for grand larceny. On November 19, 2004, while maintaining his innocence and upon advice of counsel, Cougle filed a "Petition To Enter a Guilty Plea."
¶ 3. At the plea hearing, Cougle's attorney provided a brief recitation of the facts underlying the charged offense. He explained that Clinton T. Dishman spotted a Suburban pulling the stolen trailer of Terry Bounds. He followed the vehicle and took down its tag number. The tag number was traced back to the owner of the Suburban. Cougle and the owner had traded vehicles for the week. Cougle stated that the Suburban was in his sole possession at the time the Suburban was spotted by Dishman.
¶ 4. Cougle's plea was an "open" plea, but he requested the trial court to allow for non-adjudication under Mississippi Code Annotated Section 99-15-26 (Supp. 2004). The trial court accepted the plea, rejected the request for non-adjudication, and gave Cougle a three year sentence with all three years suspended and probation for three years.
¶ 5. Thereafter, Cougle was found to have violated his probation. His suspended sentence was revoked, and he was ordered incarcerated for one year of his sentence with the remaining two years to be suspended. Cougle then brought his motion to vacate the judgment invoking the post-conviction relief act.
¶ 6. The trial court granted Cougle a hearing, where Cougle and his former attorney *829 were the only witnesses. The trial judge denied Cougle's motion.

STANDARD OF REVIEW
¶ 7. This Court is quite familiar with the standard of review for matters involving post-conviction relief. "The trial court's denial will not be reversed absent a finding that the trial court's decision was clearly erroneous." Bush v. State, 922 So.2d 802, 804(¶ 3) (Miss.Ct.App.2005) (citing Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002)).

ANALYSIS
¶ 8. Cougle argues that the trial court should not have accepted his plea for several reasons. Prior to addressing those reasons, we must address Cougle's reference to his plea as a plea of nolo contendere. Mississippi does not allow the acceptance of a plea of nolo contendere in felony cases. Keyes v. State, 312 So.2d 7, 10 (Miss.1975). The record clearly shows that Cougle did not enter a plea of nolo contendere. Instead, Cougle insisted his innocence throughout the plea hearing while asking the trial court to treat him as guilty.
¶ 9. Thus, Cougle made an Alford plea in reference to the holding of the Supreme Court in North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Alford held that there was no constitutional error in accepting a guilty plea even when the defendant maintains his innocence. Id. at 37, 91 S.Ct. 160. This Court further interpreted Alford to require that such a plea would be accepted when "the defendant knowingly and intelligently concluded that his best interests required entry of the guilty plea and the trial judge made a determination on the record that there was strong evidence of actual guilt." Bush, 922 So.2d at 805(¶ 4) (citing Alford, 400 U.S. at 37, 91 S.Ct. 160).
I. Whether Cougle's plea was involuntary and unintelligently entered
¶ 10. Cougle alleges that the plea was involuntary and unintelligently entered. Since a guilty plea must come from an accused's informed consent, we look to the basis of this challenge. Myers v. State, 583 So.2d 174, 177 (Miss.1991).
A. Cougle's plea was coerced by his attorney threatening to withdraw
¶ 11. Cougle's primary allegation is that his attorney coerced him into entering the plea by threatening to withdraw as his counsel. A similar situation occurred in Grimes v. State, 812 So.2d 1094 (Miss.Ct. App.2001). In Grimes, during a plea colloquy, the trial court asked the defendant if he had committed the offense charged in the indictment, to which the defendant responded, "no." Id. at 1095(¶ 4). Immediately, the trial court paused the proceedings to allow time for defendant and his counsel to discuss the matter. Id. Afterward, the attorney asked to withdraw, because the defendant would not accept the "good plea bargain" he had procured. Id. After that statement by counsel and further questioning of Grimes, especially regarding his desire to plead guilty, he entered a plea of guilty. Id. at 1096(¶ 6). Grimes later filed a motion for post-conviction relief and claimed that his guilty plea was coerced by his attorney's threat to withdraw, as well as ineffective assistance of counsel. Id. at 1095(¶ 1). This Court held that:
[i]n view of the numerous times the trial judge queried Grimes regarding his desire to plead guilty, and in view of Grime's statement that he understood that he did not have to plead guilty even though his attorney threatened to withdraw, Grime's assertion that his attorney's *830 "coercion" rendered the plea involuntary is without merit.
Id. at 1096(¶ 6).
¶ 12. Here, Cougle stated that the morning before trial, his attorney told him that if he did not enter a plea he would withdraw as his counsel. During the post-conviction relief hearing, Cougle's attorney testified that he never "threatened" to withdraw as Cougle's counsel if he did not take the plea. Additionally, the attorney testified that the conversation that Cougle mentioned was not from the morning before trial, but merely the morning before he entered his plea. Trial would have started at a later date. The attorney further testified that he explained to Cougle that he could only petition the trial court to withdraw and that the trial court might allow it. At the plea hearing, the trial court went through a very thorough questioning of Cougle to ensure that Cougle understood that he could have counsel appointed for trial if he could not afford one. The judge even stated that if Cougle reached a disagreement with his current counsel, the judge could appoint new counsel in his stead.
¶ 13. While the threat to withdraw was not on the record as it was in Grimes, the potential for such a threat to have arisen existed. After reviewing testimony on the issue during the hearing for post-conviction relief, the plea colloquy, advice from counsel about the withdrawal process, and the thorough line of questioning by the trial court, this Court concludes that Cougle's guilty plea was not coerced by threat of his counsel to withdraw. The same protections that were available in Grimes were afforded Cougle; primarily, a thorough examination by the trial court during the plea colloquy to assure no coercion existed. Id. Therefore, Cougle's allegation that his plea was involuntary due to coercion is without merit.
B. Cougle knowingly and intelligently concluded that the plea was in his best interest
¶ 14. While Cougle does not specifically allege that the plea was not made in his best interest, he does allude to it. As stated before, our interpretation of Alford requires the Alford plea to have been made after the defendant has "knowingly and intelligently concluded that his best interests require entry of the guilty plea." Bush, 922 So.2d at 805(¶ 4) (citing Alford, 400 U.S. at 37, 91 S.Ct. 160).
¶ 15. Cougle's plea was an "open" plea, meaning that the trial court was only bound by the statutory minimums and maximums for sentencing. There was no bargain or deal reached with the State to reduce the charges or to receive a recommendation on a sentence from the State. That does not mean that Cougle was not hoping for a light sentence. Cougle requested non-adjudication in his plea petition under Section 99-15-26. The trial court inquired whether the plea was conditioned upon non-adjudication and was informed by Cougle's counsel that it was not. Further, the trial court informed Cougle that the only thing binding it in regards to sentencing were the statutory minimums and maximums, to which Cougle responded that he understood.
¶ 16. This plea was well thought out by Cougle. He spent a number of days going back and forth, debating whether to enter it or not. It is apparent from the evidentiary hearing that even on the morning before he entered the plea, he discussed it with counsel, as well as his wife. It is worth noting that this was not Cougle's first criminal charge. The record shows that he had at least three previous charges, one in Alabama, Tennessee, and Mississippi, where he had received what appeared to be non-adjudication on some *831 of the charges. Cougle entered his plea hoping for non-adjudication and mercy from the trial court. Under Section 99-15-26, if Cougle had received non-adjudication once before, he is not entitled to the same again. While he did not receive non-adjudication, he did receive a merciful sentence with all three years suspended and three years of probation.
¶ 17. After reviewing the thorough questioning by the trial court during the plea hearing, Cougle's previous knowledge of the courts, and his constant evaluation of whether to enter the plea or not, this Court finds that the trial court did not abuse its discretion when it held that Cougle's plea was entered after he knowingly and intelligently concluded that it was in his best interests. Bush, 922 So.2d at 805(¶ 4) (citing Alford, 400 U.S. at 37, 91 S.Ct. 160).
II. Whether there was a factual basis for the acceptance of the Alford plea
¶ 18. Cougle alleges that there was no factual basis for the trial court to accept his guilty plea. He correctly states that a guilty plea must provide a trustworthy basis for believing that the defendant is in fact guilty. Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Here, there was factual support for the acceptance of the guilty plea. Cougle's counsel provided the brief recitation of the facts underlying the charge. Dishman stated that he saw the stolen trailer being pulled by a black Suburban and he took its tag number. The tag number was traced back to the owner of the Suburban. Cougle and the owner had previously traded vehicles for the week. Also, Cougle stated that he was in sole possession of the black Suburban with the matching tag number from Dishman's description at the time Dishman spotted the black Suburban.
¶ 19. These facts were enough to provide a trustworthy basis for accepting Cougle's plea of guilty. Cougle is not entitled to challenge the evidence here on post-conviction relief as he would in a trial. There exists a presumption that the trial court's acceptance is correct, and it is the burden of Cougle to show some reversible error to this Court. Branch v. State, 347 So.2d 957, 958 (Miss.1977). Having failed to do so, we find there were sufficient facts to provide a trustworthy basis for accepting Cougle's plea. This allegation is without merit.
III. Whether Cougle's counsel was ineffective
¶ 20. Cougle alleges that his counsel was ineffective in violation of his right to counsel. Since Cougle was represented by counsel throughout these proceedings, being pro se only before this Court, we look to his counsel's actions.
¶ 21. To prevail on a claim of ineffective assistance of counsel, Cougle must demonstrate that his counsel's performance was deficient and that this deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden of proof rests with Cougle, and we will measure the alleged deficiency within the totality of circumstances. Hiter v. State, 660 So.2d 961, 965 (Miss.1995); Carney v. State, 525 So.2d 776, 780 (Miss.1988). However, a presumption exists that the attorney's conduct was adequate. Burns v. State, 813 So.2d 668, 673(¶ 14) (Miss. 2001).
¶ 22. Following the filing of the motion to vacate the judgment, the trial court held a hearing to determine if post-conviction relief should be granted. At this hearing Cougle and his counsel were the only two witnesses. Cougle stated that he entered the guilty plea because his counsel threatened *832 to withdraw if he did not and that without the threat he would not have pled. The testimony from Cougle's counsel suggests that there never was any such threat. Cougle's counsel testified at the hearing that, from the beginning, that his agreement with Cougle was that he would only provide representation for everything up to trial. If Cougle wanted to take the matter to trial an additional retainer would need to be provided thirty days prior to trial. The retainer not having been paid, Cougle's counsel informed him that if the matter were to proceed to trial, he would petition the trial court to withdraw. Cougle's counsel testified that this payment schedule was contained in the contract representation which was fully explained to Cougle and to which Cougle agreed. He further testified that he explained the withdrawal process to Cougle and that the trial court could choose to accept or deny his petition to withdraw as counsel.
¶ 23. In addition, through various letters and conferences, Cougle's counsel advised him that at trial the State could probably get a conviction, and Cougle would potentially face five years imprisonment, while the judge may be more lenient with a plea. Cougle's attorney has "a duty to fairly, even if that means pessimistically, inform the client of the likely outcome of a trial based upon the facts of the case." Daughtery v. State, 847 So.2d 284, 287(¶ 6) (Miss.Ct.App.2003). If the attorney believes that it is in his client's best interest to plead guilty, it is his duty to inform him of that fact. Id. (citing Polk County v. Dodson, 454 U.S. 312, 318, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981)). This is exactly what Cougle's counsel did.
¶ 24. After reviewing the evidence, this Court finds that the Cougle's counsel did not provide ineffective assistance. Further, the evidence in the record falls far short of overcoming the presumption that the attorney's conduct is adequate. Burns, 813 So.2d at 673(¶ 14). Therefore, this allegation is without merit.
¶ 25. Finding no merit to any of Cougle's allegations, this Court affirms the trial court's decision to deny post-conviction relief.
¶ 26. THE JUDGMENT OF THE CIRCUIT COURT OF CALHOUN COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.