¶ 1. Marshall Antonio McNickles, Jr., appeals a judgment of the Wayne County Circuit Court dismissing his motion for post-conviction relief (PCR). He asserts (1) that the trial court erred in accepting his guilty plea over his claims of innocence and in denying him the opportunity to present mitigating testimony, (2) that his plea was not knowingly and intelligently entered, (3) that he was denied due process of law in sentencing, because he was sentenced to an enhanced sentence as a habitual offender by a judge, rather than by a jury, (4) that the court erred in failing to conduct an evidentiary hearing, and (5) that the cumulative effect of the denial of due process during his sentencing process deprived him the right to a fair trial.[1] *Page 695 
 ¶ 2. We find no error; thus, we affirm the judgment of the circuit court.
 FACTS ¶ 3. McNickles was indicted by a Wayne County grand jury as a habitual offender under Mississippi Code Annotated section 99-19-83 (Rev. 2000) for possession of a firearm by a convicted felon. On the day that he was set to go to trial and following an unsuccessful suppression hearing, he pleaded guilty to the charge, pursuant to a plea agreement, and was sentenced, in accordance with the agreement, to thirteen years in the custody of the Mississippi Department of Corrections. Almost three months later, McNickles filed a motion for PCR, which was summarily denied by the trial court. We will relate additional facts during our discussion of the issues.
 ANALYSIS AND DISCUSSION OF THE ISSUES 1. Guilty Plea
 ¶ 4. As issues one and two relate to McNickles' guilty plea, we will discuss them together. First, McNickles contends that the trial court erred in accepting his guilty plea, because he entered the plea while proclaiming his innocence. McNickles made what is commonly known as an Alford
plea, pursuant to the decision of the United States Supreme Court in North Carolina v. Alford, 400 U.S. 25,91 S.Ct. 160, 27 L.Ed.2d 162, (1970). In Alford, the court stated: "[t]hat [Alford] would not have pleaded except for the opportunity to limit the possible penalty does not necessarily demonstrate that the plea of guilty was not the product of a free and rational choice. . . ." Id.
at 31, 91 S.Ct. 160. The court concluded that "[w]hen his plea is viewed in light of the evidence against him, which substantially negated his claim of innocence and which further provided a means by which the judge could test whether the plea was being intelligently entered, its validity cannot be seriously questioned." Id. at 37-38, 91 S.Ct. 160. (citation omitted).
 ¶ 5. Prior to accepting a guilty plea the trial court must have before it substantial evidence that the accused committed the offense for which he is offering a plea. Corky v.State, 585 So.2d 765, 767 (Miss. 1991). "In the end there must be enough that the court may say with confidence the prosecution could prove the accused guilty of the crime charged. . . ." Id.
 ¶ 6. As previously noted, a suppression hearing, in which McNickles sought to suppress admission of the firearm that was found in his truck, was held earlier on the day that McNickles entered his guilty. During that hearing, Kevin Stevens, a deputy for the Wayne County Sheriff's Department, and Michael Tolbert, commander of the South Mississippi Narcotics Task Force at the time of McNickles' arrest, testified that upon stopping McNickles' vehicle, Tolbert conducted a pat down of McNickles which uncovered several .22 caliber cartridges. According to Stevens, Tolbert then asked McNickles if he had a firearm in the truck, and McNickles responded affirmatively. In contrast, McNickles testified that he did not tell Stevens nor Tolbert that he had a firearm in the truck, because he did not know that the firearm was in the truck at the time of the stop. The trial court declined to suppress admission of the firearm, and thereafter, McNickles entered his guilty plea. *Page 696 
 ¶ 7. It is clear from the record that, in light of the evidence that the State was prepared to present at trial, McNickles concluded that it was in his best interest to plead guilty instead of going to trial, where, if convicted, he would have faced a life sentence. The State was prepared to prove that McNickles, a convicted felon, was in possession of a firearm. Thus, there was a factual basis to support the plea, and the trial court did not err in accepting McNickles' guilty plea, despite his initial protestations of innocence.
 ¶ 8. McNickles also argues that the trial court erred in accepting his guilty plea because he had made it clear to the trial judge that he had witnesses who could and would support his claim that he had no knowledge of the presence of the firearm in his truck. The problem with this argument is that witnesses could only be presented if McNickles chose to go to trial. He did not. However, the trial court gave him ample opportunity to choose a trial over a plea. As a prelude to addressing this issue, we relate additional facts.
 ¶ 9. On the day that McNickles was scheduled for trial, he dismissed his attorney. The court advised McNickles that his case was not going to be continued, as it had already been continued four times. The court then inquired as to the reason for the dismissal, and McNickles responded, "See none of the people that — the witnesses on my case and things like that, he hadn't contacted any of them." McNickles also informed the court that he had told his attorney about the witnesses "when this case first occurred." Thereafter, the court ascertained from defense counsel that no witnesses had been subpoenaed, with defense counsel explaining that he only knew about one witness and had decided, as a matter of trial strategy, not to call that witness. After further discussion between the court, defense counsel, and McNickles, the following colloquy occurred:
 BY THE COURT: Well, are they — do you want to instanter subpoenas for these people that he wants? I'd be happy to grant it to you.
 BY [ATTORNEY FOR DEFENDANT]: Yes, sir, I would like to subpoena everybody he wants me to subpoena.
 BY THE COURT: Well, I'd be happy to issue it to you. I mean, it is sort of late in the day, but I would be happy to do that.
 * * * * * *
 BY THE COURT: All right. Mr. McNickles, you need to write down the names and give the best addresses you have of those people, and I certainly will grant your attorney's request for instanter subpoenas and try to get those people here sometime while your case is being tried. But I'm not in the habit of postponing trials because the defendant wants to subpoena witnesses the day of his trial or wants to fire his attorney the day of his trial.
The discussion ended with the court ordering a subpoena instanter for the witnesses identified by McNickles. The court then took up the aforementioned motion to suppress.
 ¶ 10. Following the conclusion of the suppression hearing, the court recessed until 1:30 in the afternoon. When the court reconvened, it was advised that the State and the defense had reached a plea agreement in which McNickles would plead guilty as a habitual offender, and the State would recommend a sentence of thirteen years. After a lengthy plea qualification hearing and a considerable amount of vacillation, McNickles finally entered a plea in accordance with the plea agreement. Therefore, we find no merit to *Page 697 
McNickles' contention that the court erred in accepting his guilty plea without giving him an "opportunity to put on witnesses to substantiate his assertions and mitigate the charges."
 ¶ 11. We further find that McNickles waived this issue by pleading guilty as the entry of a valid guilty plea limits what issues may be raised on appeal. Brooks v. State,573 So.2d 1350, 1352 (Miss. 1990). "A valid guilty plea . . . admits all elements of a formal criminal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment against a defendant." Id.
 ¶ 12. McNickles next contends that his plea was not knowingly and intelligently entered because he never "fully admitted that he was aware of the presence of the gun in [the] vehicle and where the state [sic] never proved this element of actual knowledge." This contention is without merit. UnderAlford, McNickles was not required to admit that he knowingly possessed the firearm. It is sufficient that McNickles was aware of the charge against him and the proof to be offered by the State, notwithstanding his disagreement with it. For the reasons stated above, we find that McNickles' plea was valid.
2. Denial of Due Process
 ¶ 13. First, McNickles contends that his sentence of thirteen years, pursuant to Mississippi Code Annotated section 99-19-83 (Rev. 2000), is illegal because defendants convicted under section 99-19-83 must be sentenced to life. This contention has no merit. In Cook v. State,910 So.2d 745, 747 (¶ 10) (Miss.Ct.App. 2005) (citing McGleachie v.State, 800 So.2d 561, 563 (¶ 4) (Miss.Ct.App. 2001)) this Court addressed this issue and held that "it is well established in Mississippi that an individual may not plead guilty to a crime, receive a lesser sentence than what is prescribed by statute, and then use the more lenient sentence as a sword to attack the entire sentence as illegal."
 ¶ 14. Second, McNickles, citing Apprendi v. NewJersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435
(2000) and Blakely v. Washington, 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), alleges a deprivation of his constitutional rights guaranteed by the Fifth andFourteenth Amendments to the United States Constitution, because, according to McNickles, "the jury should decide, if the penalty exceeds that which is normally allowed by law, whether the defendant should be sentenced as a habitual offender."
 ¶ 15. In Apprendi, the United States Supreme Court held that "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of theSixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." Apprendi 530 U.S. at 476, 120 S.Ct. 2348
(quoting Jones v. United States, 526 U.S. 227, 243
n. 6, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999)) (emphasis added). InBlakely, the United States Supreme Court held "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury."Blakely, 542 U.S. at 301, 124 S.Ct. 2531 (emphasis added). McNickles' reliance on Apprendi andBlakely is misplaced because it is clear from the language in both of these cases that a jury is not required to pass upon an enhanced penalty due to prior convictions. McNickles' sentence is within the limits of section 99-19-83 as construed by Mississippi law. This argument has no merit. *Page 698 
 ¶ 16. McNickles also argues that the trial court erred in finding that he is a habitual offender without presenting this issue to a jury. This issue is wholly without merit. InBuckley v. State, 511 So.2d 1354, 1360 (Miss. 1987), the Mississippi Supreme Court held that the determination of whether a defendant is a habitual offender is a non-jury issue.See also Keyes v. State, 549 So.2d 949, 951
(Miss. 1989) (holding that the Constitution confers on the accused no right of a trial by jury on the question of whether he is an habitual offender). Additionally, Rule 11.03(3) of the Uniform Rules of Circuit and County Court provides: "If the defendant is convicted or enters a plea of guilty on the principal charge, a hearing before the court without ajury will then be conducted on the previous convictions." (emphasis added).
3. Evidentiary Hearing
 ¶ 17. McNickles also argues that the trial court erred in failing to conduct an evidentiary hearing because he provided the court with a sworn affidavit from his brother, the person whom McNickles contends owned the firearm found in his truck. The record reflects that McNickles entered his guilty plea after acknowledging that the jury would likely find the testimony of the deputy sheriff and the narcotics officer more credible:
 [BY THE COURT]: Q. What I was about to say is, you heard the testimony of the two — the deputy sheriff and the narcotics officer that testified that they found the cartridges on your person in your pocket, right?
 A. Yes, sir.
 Q. And you heard them testify that this gun was found
 A. Behind the seat.
 Q. — behind the front seat driver side of your pickup?
 A. Yes, sir.
 Q. And you heard them both testify that they said that you said that there was a gun in the truck behind the front seat?
 A. Yes, sir.
 Q. Because of that kind of testimony, do you believe that if you went to trial and a jury heard all this case that there is a good chance that the jury is going to convict you of this crime and because of that you want to take this deal that is on the table?
 A. Yes, sir.
 ¶ 18. Mississippi Code Annotated section 99-39-11(2) (Rev. 2000) provides: "If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified." Therefore, notwithstanding the information contained in the affidavit, we find that the trial court committed no error in refusing to grant McNickles an evidentiary hearing because, based on the record of the plea hearing, McNickles is not entitled to any relief.
4. Ineffective Assistance of Counsel
 ¶ 19. McNickles failed to argue that his counsel was ineffective in his PCR, and this claim was not distinctly assigned as error in his brief to this Court. Therefore, this issue is procedurally barred, as we will not address issues presented initially on appeal. Taylor v. State,682 So.2d 359, 362 (Miss. 1996). Procedural bar notwithstanding, we find no merit to this issue, as the record belies this allegation of error. The following exchange occurred at McNickles' guilty plea hearing:
 [BY THE COURT]: I know earlier you said you wanted to fire [your attorney]. *Page 699 
But I do want to ask you, are you reasonably satisfied with what [your attorney] has done for you?
 A. Well, yes, sir, I'm satisfied with him.
5. Cumulative Error
 ¶ 20. This issue is without merit, as we have found no reversible error in any of the separate issues.
 ¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF WAYNECOUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OFTHIS APPEAL ARE ASSESSED TO WAYNE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR. ROBERTS, J., NOT PARTICIPATING.
[1] McNickles also claims that his counsel was ineffective; however, this issue was not presented to the trial court in his PCR and was not specifically listed as a issue in his brief to this Court.