ISHEE, J.,
for the Court.
¶ 1. Melisha Harding was indicted in DeSoto County for burglary, grand larceny, and uttering a forgery. According to the State, Harding attempted to pay by check at a Murphy’s Oil in Southaven, Mississippi. The check was declined, and the clerk at Murphy’s told Harding to come back by four o’clock to make the check good. Harding told the clerk that she worked at the Comfort Inn & Suites in Southaven. When Harding did not return by four o’clock, the clerk went to the Comfort Inn and was able to identify Harding as the person who had passed the check. Harding was a housekeeper at the Comfort Inn, and she had recently cleaned the room of Jeremy Legg, who was the actual owner of the check, which turned out to be forged. It was confirmed that Harding *1131 had access to Legg’s room two days before the check was offered at the Murphy’s.
¶ 2. Pursuant to a plea agreement, on September 17, 2007, Harding entered a “best interest” guilty plea in the Circuit Court of DeSoto County pursuant to North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to a charge of uttering a forgery. The circuit court accepted her plea and sentenced her as a habitual offender to ten years in the custody of the Mississippi Department of Corrections, with four years to serve and six years of post-release supervision, with five of those years being supervised. As part of a plea agreement, the circuit court remanded two other charges to the file. Per the terms of the plea agreement, the circuit court remanded the first two counts of the indictment against Harding to the file. Harding subsequently filed a motion for post-conviction relief arguing that her plea was involuntary and that she received ineffective assistance of counsel. The circuit court denied Harding’s motion. The circuit court noted that, although Harding never stated on the record that she believed the plea was in her best interest, there was no need for “magic words.” The circuit court found that it was sufficient that Harding concluded, in light of the reduced sentence and two remanded charges, that the plea was in her best interest.
¶ 3. Harding appealed the denial of her motion, arguing that: (1) it was in error for the circuit court to accept her Alford plea when she did not state that it was in her best interest; (2) she received ineffective assistance of counsel; and (3) cumulative error requires reversal of her conviction. Finding no error, we affirm.
DISCUSSION
¶ 4. This Court will not disturb a circuit court’s factual findings in the denial of a petition for post-conviction relief unless those findings were clearly erroneous. Pullem v. State, 820 So.2d 793, 794(¶ 3) (Miss.Ct.App.2002) (citing Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999)).
I. Alford Plea
¶ 5. Harding argues that her conviction should be overturned because she never stated at her plea hearing that she believed that pleading guilty to the charge was in her best interest; therefore, she contends that her guilty plea was involuntary.
¶ 6. We find no rule of law that requires a defendant to state on the record at a plea hearing that she is entering the plea because it is in her best interest. This Court did not rule as such in Bush v. State, 922 So.2d 802 (Miss.Ct.App.2005), the case upon which Harding bases her argument. Relying on Alford, we stated:
The [United States Supreme Court] found no constitutional error in accepting a guilty plea despite a protestation of innocence, when the defendant knowingly and intelligently concluded that his best interests required entry of the guilty plea and the trial judge made a determination on the record that there was strong evidence of actual guilt.
Id. at 805(¶ 4) (citing Alford, 400 U.S. at 37, 91 S.Ct. 160). Similarly, in Cougle v. State, 966 So.2d 827, 831(¶ 17) (Miss.Ct.App.2007), this Court found that the circuit court did not abuse its discretion in holding that the appellant entered a valid Alford plea after he knowingly and intelligently concluded that it was in his best interest. See also McNickles v. State, 979 So.2d 693, 696(¶ 7) (Miss.Ct.App.2007) (finding that, in light of the evidence that the State was prepared to present, the appellant concluded that pleading guilty was in his best interest).
*1132 ¶ 7. The circuit court thoroughly questioned Harding regarding her understanding of the guilty-plea process and her desire to enter a guilty plea. At the conclusion of the plea hearing, the circuit court asked whether it was her decision alone to plead guilty, to which she responded in the affirmative. The circuit court fully explained to Harding the nature of the Alford plea and advised her of the minimum and maximum sentences for the crime to which she was pleading guilty. Following entry of Harding’s guilty plea, the circuit court remanded to the file the first two counts of her indictment-burglary of a building and petit larceny. Even though she was sentenced as a habitual offender, Harding was required to serve only four years of the maximum ten-year sentence for forgery. Furthermore, as a habitual offender, Harding had previously been involved with the court system on at least two occasions; therefore, she had some knowledge of how things operated.
¶ 8. Harding does not argue that entering a guilty plea was not actually in her best interest. Had she decided to go to trial, she would have faced the two additional charges. The prosecution stated at the plea hearing that it was prepared to put on evidence that Harding, as a hotel employee, entered a guest’s room, obtained a guest’s check, and then used the check to make a purchase at a gas station. The gas station attendant was able to identify her. Upon examining all of the evidence that the State was prepared to offer, there was very strong evidence of Harding’s guilt. Based on the evidence, the fact that two charges were remanded, and Harding’s understanding of the process and her own desire to enter a guilty plea, the circuit court found that it was in Harding’s best interest to plead guilty.
¶ 9. We find no error with the circuit court’s ruling that Harding “knowingly and intelligently concluded” that it was in her best interest to plead guilty. Bush, 922 So.2d at 805(¶ 4) (citing Alford, 400 U.S. at 37, 91 S.Ct. 160). This issue is without merit.
II. Ineffective Assistance of Counsel
¶ 10. Harding next asserts that her trial counsel was ineffective for failing to inform her that she needed to conclude that pleading guilty was in her best interest. She argues that her counsel’s ineffectiveness resulted in the circuit court unconstitutionally accepting her guilty plea.
¶ 11. The legal test to determine whether a defendant received effective assistance of counsel was set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The party complaining of ineffective assistance of counsel must show that: (1) counsel’s performance was deficient, and (2) the deficient performance prejudiced the defense. Id. Review of counsel’s performance is highly deferential, and there exists “a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance.... ” Id. at 689, 104 S.Ct. 2052. “Only where it is reasonably probable that, but for the attorney’s errors, the outcome of the trial would have been different will this Court find the counsel’s performance was deficient.” Smiley v. State, 815 So.2d 1140, 1147(¶ 25) (Miss.2002) (quoting Gary v. State, 760 So.2d 743, 753(¶ 31) (Miss.2000)).
¶ 12. There is no evidence supporting Harding’s claim that her trial counsel failed to discuss with her what would be in her best interest. At the plea hearing, Harding stated that she was fully informed of the charges against her, wished to plead guilty, and was satisfied with the services provided by her attorney. Furthermore, *1133 two of the counts in Harding’s indictment were remanded to the file, and she only-received four years as a habitual offender to serve out of a possible ten years. Based on the foregoing, we find that Harding has failed to carry her burden of showing that her counsel’s performance was deficient. This issue is without merit.
III. Cumulative Error
¶ 13. Lastly, Harding argues that the errors that occurred in her case, taken together, warrant reversal. Under the cumulative-error doctrine, “individual errors, which are not reversible in themselves, may combine with other errors to make up reversible error, where the cumulative effect of all errors deprives the defendant of a fundamentally fair trial.” Ross v. State, 954 So.2d 968,1018 (¶ 138) (Miss.2007) (citing Byrom v. State, 863 So.2d 836, 847(¶ 12) (Miss.2003)). Under this reasoning, if there are no individual errors, there can be no cumulative error that warrants reversal. Harris v. State, 970 So.2d 151, 157(¶ 24) (Miss.2007) (citing Gibson v. State, 731 So.2d 1087, 1098(¶ 31) (Miss.1998)). We have found that the circuit court committed no error in accepting Harding’s guilty plea; therefore, there can be no cumulative error. This issue is without merit.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.