# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-01672-COA

ANTHONY RUFFIN A/K/A ANTHONY EUGENE RUFFIN        APPELLANT

v.

STATE OF MISSISSIPPI        APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 09/02/2014 |
| TRIAL JUDGE: | HON. ROBERT WALTER BAILEY |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ANTHONY RUFFIN (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION FOR POST-CONVICTION RELIEF DISMISSED |
| DISPOSITION: | AFFIRMED - 10/06/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., CARLTON AND WILSON, JJ.**

**WILSON, J., FOR THE COURT:**

¶1.     Anthony Ruffin appeals the denial of his motion for post-conviction relief (PCR) by

the Lauderdale County Circuit Court.  Ruffin's claims are all time-barred, successive-writ-

barred, and frivolous.  Therefore, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     In November 2006, a Lauderdale County grand jury indicted Ruffin for one count of

sexual battery against B.H. and one count of forcible rape against A.P.[1]  Count II of the indictment, the forcible rape charge, gave a clear and concise statement of the charge of forcible rape but cited the incorrect Code subsection and, in the heading, mistakenly identified the charge as "statutory rape."

¶3.     Ruffin subsequently filed a petition to plead guilty.  In his petition, Ruffin stated, "In the above-referenced indictment, I have been charged with the crime of forcible rape," and "I desire to plead guilty to the charge(s) of forcible rape."  Ruffin's petition further stated:

> I am pleading guilty but maintaining my innocence under the case *Alford v. N. Carolina* because, given the facts in this matter, I believe there is a strong probability that a jury may find me guilty, and considering the plea bargain offered to me by the State in this matter, I believe it is in my best interest to plead guilty in this matter rather than go to trial, and maybe getting convicted by [the] jury and possibly receiving a stiffer sentence by the jury.

¶4.     At the hearing on Ruffin's plea petition, the circuit judge discussed that Ruffin's indictment charged him with forcible rape and asked Ruffin whether it was his desire to plead guilty to forcible rape.  At that point, Ruffin's lawyer interjected that Ruffin would be entering an "*Alford* plea."[2]  Ruffin then personally confirmed that he was pleading guilty pursuant to *Alford*.  Throughout the plea colloquy, the judge repeatedly stated that Ruffin was pleading guilty to forcible rape.  The circuit judge asked Ruffin if he was "freely, voluntarily, and knowingly" pleading guilty to "all matters set forth not only in [the] indictment . . . but in [the] petition to plead guilty as well."  Ruffin again responded affirmatively.  The circuit

---

[1] We do not identify sexual-assault victims.  In the interest of privacy, the victims' names have been substituted with initials.

[2] *Alford v. North Carolina*, 400 U.S. 25 (1970).

2

judge also discussed the meaning of Ruffin's *Alford* plea—that he was maintaining his innocence but recognized the strong probability that a jury would convict him of forcible rape and potentially sentence him to life in prison, and thus he wanted to accept the State's plea offer—and Ruffin confirmed that he understood.

¶5.     The assistant district attorney then presented the factual basis for the charge of forcible rape:  On July 24, 2006, sixteen-year-old A.P. was watching televison at a friend's home when Ruffin—who was thirty-eight at the time—entered the room, sat down next to her, and started kissing her.  Ruffin then forced A.P. into a bedroom, pushed her down onto the bed, and started taking off her clothes.  A.P. resisted, but Ruffin pinned her to the bed.  He then unzipped his pants and vaginally raped her.  After raping A.P., Ruffin returned to the living room, watched television, napped, and eventually left to buy cigarettes.  After he was arrested and read his *Miranda* rights, Ruffin gave a voluntary statement denying the rape but acknowledging that he had engaged in sexual intercourse with A.P.

¶6.     The circuit judge accepted Ruffin's guilty plea and sentenced him, in accordance with the State's recommendation, to thirty years in the custody of the Department of Corrections, with fifteen years suspended and five years of post-release supervision.  Count I of his indictment, sexual battery, was nolle prossed.

¶7.     The same day Ruffin entered his guilty plea, an agreed order was entered amending the indictment to correct "clerical" errors.  Specifically, the indictment was amended to delete the word "statutory" and to substitute "97-3-65(4)(a)" for "97-3-65(3)(a)."  The order noted, "[T]he amendment is one of form and not of substance, does not change the actual

3

wording of the charging portion of the indictment, which alleges 'forcible sexual intercourse,' and does not affect any legal defense thereto . . . ." The assistant district attorney, Ruffin's lawyer, and Ruffin himself each signed and approved the order and the amendments. Mississippi Code Annotated section 97-3-65(3)(a) (Supp. 2013) provides the punishment for one category of statutory rape, whereas section 97-3-65(4)(a) (Supp. 2013) sets out the crime of forcible rape. The clerical errors in the indictment may have been due to the fact that the crime of forcible rape was once found in section 97-65(3)(a). *See Evans v. State*, 916 So. 2d 550, 552 n.1 (Miss. Ct. App. 2005). In any event, as the circuit judge noted, the body of the indictment had always charged forcible rape, and Ruffin and his attorney expressly concurred with this clerical amendment.

¶8.     On May 17, 2010, Ruffin filed his first PCR motion in the Lauderdale County Circuit Court, asserting two claims: (1) that his indictment was flawed because it charged him with statutory rape, not forcible rape, and (2) that he received ineffective assistance of counsel because his attorney failed to conduct any pretrial investigation or file any pretrial motions. On February 4, 2011, the circuit judge denied Ruffin's PCR motion, finding that the original indictment was sufficient to put Ruffin on notice that he was being charged with forcible rape and that the amendments on the day he pled guilty—which Ruffin expressly approved—were matters of form, not substance. The circuit judge also rejected Ruffin's ineffective assistance claim because Ruffin's "bare assertions" of attorney errors were "unsupported by the record." The judge also noted that Ruffin stated on the record that he had consulted with his attorney about the facts of his case and was satisfied with his attorney's representation of him. Ruffin

did not appeal the circuit judge's 2011 decision.

¶9. On August 25, 2014, Ruffin again filed a second PCR motion in the Lauderdale County Circuit Court, this time alleging: (1) that his plea was invalid because he had entered a plea of nolo contendere or "no contest," which is not a valid plea to a felony; (2) that his plea to the charge of forcible rape under Mississippi Code Annotated section 97-3-65(4)(a) was void; (3) that the State violated his right not to be tried for a felony without indictment; (4) that his plea to a charge under Mississippi Code Annotated section 97-3-65(3)(a) was void; (5) that he received ineffective assistance of counsel because his attorney "coerced" him into entering an illegal plea; and (6) that his attorney erred by allowing his indictment to be amended. The circuit court denied Ruffin's motion on the grounds that it was time-barred and an impermissible successive writ. Ruffin now appeals, raising these same issues.

**ANALYSIS**

¶10. Because Ruffin's present PCR motion is his second, and it was filed more than six years after he pled guilty, it is—absent some exception—subject to two different procedural bars codified in the Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA). First, it is time-barred because "in the case of a guilty plea," a PCR motion must be filed "within three (3) years after entry of the judgment of conviction." Miss. Code Ann. § 99-39-5(2) (Supp. 2014). Second, it is an impermissible successive PCR motion or "successive writ." Any order denying a PCR motion "is a final judgment and shall be conclusive until reversed," and "[i]t shall be a bar to a second or successive [PCR] motion." Miss. Code Ann. § 99-39-23(6) (Supp. 2014). As the circuit judge correctly found, both of these rules clearly

5

bar Ruffin's claims.

¶11.    However, "[e]rrors affecting fundamental constitutional rights," such as violations

of "the protection against double jeopardy" or an "illegal sentence," "are excepted from the

procedural bars of the UPCCRA." *Rowland v. State*, 42 So. 3d 503, 506, 508 (¶¶9, 14)

(Miss. 2010).[3] Ruffin argues that this exception applies to at least some of his claims. In this

case, it is easier to explain why Ruffin's claims lack merit than it is to try to sort out whether

in theory they implicate any fundamental right.  Accordingly, we briefly address Ruffin's

claims on the merits.

**I.    Guilty Plea**

¶12.    Ruffin first claims his plea is "void" because he entered a plea of nolo contendere.

Ruffin's claim is essentially indistinguishable from the one rejected in *Bush v. State*, 922 So.

2d 802 (Miss. Ct. App. 2005), where we observed,

> Bush is correct that a plea of nolo contendere is inapplicable in felony cases.
> However, the record indicates that Bush did not enter a plea of nolo
> contendere.  Instead, the record shows that Bush entered a valid plea of guilty
> often referred to as an *Alford* plea in recognition of the holding by the Supreme
> Court in *North Carolina v. Alford*.

*Id.* at 805 (¶4).  Ruffin has made the same mistake that Bush made.  As support for his claim,

Ruffin cites the circuit court's 2011 order denying his first PCR motion, in which the judge

quoted Ruffin's *argument* that he had entered a plea of nolo contendere.  However, the

_____

[3] Note, though, that "merely asserting a constitutional-right violation is insufficient
to overcome the procedural bars.  There must at least appear to be some basis for the truth
of the claim before the procedural bar will be waived." *Fluker v. State*, 170 So. 3d 471, 475
(¶11) (Miss. 2015) (citation omitted) (quoting *Means v. State*, 43 So. 3d 438, 442 (¶12)
(Miss. 2010)).

6

circuit judge did not agree with Ruffin's characterization of the plea, explaining in a footnote that Ruffin actually pled guilty to forcible rape pursuant to *Alford*. As recounted above, the record is exceptionally clear that Ruffin entered a valid *Alford* plea, not a plea of nolo contendere. Accordingly, this claim is without merit.

## II. Indictment

¶13. Ruffin next asserts that his indictment was illegally amended to delete the word "statutory" and to change the cited Code subsection from 97-3-65(3)(a) to 97-3-65(4)(a). Ruffin repackages this same basic argument in a variety of forms, and it ultimately is the basis for claims (2), (3), (4), (5) and (6) described above in paragraph 9. It is also the same argument this Court rejected in *Robinson v. State*, 966 So. 2d 209, 213 (¶¶11-12) (Miss. Ct. App. 2007), and *Evans v. State*, 916 So. 2d 550, 552 (¶6) (Miss. Ct. App. 2005). In *Evans*, the indictment mistakenly referred to "statutory rape" and mistakenly cited subsection (3)(a), but the charging portion of the indictment clearly charged forcible rape and thus provided the defendant with adequate notice of the charges against him. *Evans*, 916 So. 2d at 552 (¶6). Accordingly, we held that the indictment's clerical errors were "not prejudicial" to him, and his claim that the indictment was defective was "without merit." We reached the same conclusion in *Robinson*, where the indictment mistakenly cited subsection (3)(a) but nonetheless clearly charged the defendant with forcible rape. *Robinson*, 966 So. 2d at 213 (¶¶11-12). Indeed, the charging language in this case—that Ruffin "did . . . willfully, unlawfully and feloniously engage in forcible sexual intercourse with [A.P.]"—is the same as in the indictment in *Robinson*. *Id.* Accordingly, Ruffin "was clearly on notice that he was

7

being charged with forcible rape," and there is "no merit" to his claim. *Id.*

¶14. Because Ruffin's indictment was legally sufficient, it necessarily follows that Ruffin's allegations do not render his plea invalid or support a separate claim for ineffective assistance. Indeed, the record in this case—from Ruffin's plea petition, to his plea hearing, to the agreed order amending the indictment, which Ruffin personally signed—could not make it any clearer that Ruffin understood the nature of the charges against him and the crime to which he pled guilty, i.e., forcible rape. Accordingly, we reject Ruffin's claims (2), (3), (4), (5), and (6) as without merit.

## CONCLUSION

¶15. The circuit court correctly dismissed Ruffin's second PCR motion as both untimely, Miss. Code Ann. § 99-39-5(2), and an impermissible successive writ, Miss. Code Ann. § 99-39-23(6). In any event, under precedents involving materially indistinguishable facts, Ruffin's claims are easily disposed of as meritless for the straightforward reasons that he entered a valid *Alford* plea; his indictment provided adequate notice that he was being charged with forcible rape; and the record makes abundantly clear that he deliberately, knowingly, and voluntarily pled guilty to that crime. Accordingly, we affirm.

¶16. **THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**

8