IRVING, J., for the Court.
¶ 1. Jimmy E. Campbell was convicted in the Circuit Court of Jones County by a jury for causing the death of another while driving negligently and while intoxicated. The trial judge sentenced Campbell to twenty-five years in the custody of the Mississippi Department of Corrections with five years suspended and denied Campbell’s post-trial motion for a judgment notwithstanding the verdict or in the alternative for a new trial. Feeling aggrieved, Campbell appeals and argues that the State failed to prove venue and that the evidence presented at trial was insufficient to establish the crime for which he was convicted.
¶ 2. Detecting no reversible error, this Court affirms the trial court’s judgment.
FACTS
¶ 3. Three youths were traveling along First Avenue in Laurel, Mississippi, around 10 p.m. Two of the youths, Laconia Evans and her nephew, Jeremy Bonner, walked while Matthew Taylor, also Evans’s nephew, rode a bicycle behind them. While traversing a hill with their backs to oncoming traffic, the youths were hit from behind by a vehicle. After the car passed, Taylor blacked out. When he awakened, he saw Evans lying in the middle of the road and Bonner lying on the side of the road. Bonner died from the impact. Taylor also saw the person who was driving the vehicle that had hit them, for the driver stopped and exited the vehicle. However, Taylor was unable to identify the person.
¶ 4. Eric Varnado, an officer with the Laurel Police Department (hereinafter referred to as the LPD), investigated the accident involving Taylor, Evans, and Bonner. From dispatch, Officer Varnado received a description of the vehicle, the license plate number, and an address to which the license plate was registered. When Officer Varnado arrived at the accident scene, a witness also gave him the license plate number of the vehicle that hit the youth. The number matched the license plate number previously provided to him. Officer Varnado then cruised on First Avenue in an attempt to locate the suspected vehicle. When Officer Varnado arrived at the address to which the license plate was registered, the vehicle in the driveway and the license plate on it matched the description of the vehicle and license plate given him by dispatch.
¶ 5. Officer Varnado approached the residence and came into contact with a male standing next to the vehicle. Officer Var-nado confronted the male and discovered that he was Jimmy E. Campbell. Campbell admitted that he had driven the vehicle that night. Officer Varnado observed that Campbell had a strong odor of alcohol, his breath smelled of alcoholic bever *179 age, his speech was slurred, and he had a staggered stance. Varnado placed Campbell into custody to investigate a possible DUI and also Campbell’s possible involvement in the hit and run accident.
¶ 6. Other germane facts will be related during the discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 7. In his first issue, Campbell argues that the State failed to prove venue, which is an essential element of the crime. Campbell points out that Jones County has two judicial districts and that the State failed to put forth any evidence that the crime occurred in the Second Judicial District of Jones County.
¶ 8. Proof of venue, as any other element of an offense, must be made beyond a reasonable doubt. State v. Fabian, 263 So.2d 773, 776 (Miss.1972).
¶ 9. The State called victims Taylor and Evans to testify that they were walking northbound on First Avenue when they were struck by a vehicle on the night in question. Officer Varnado, as well as Detective Layne Bounds, testified as to the area of Jones County in which the accident took place. Detective Bounds in particular testified as to the description of First Avenue including the width of the street, the shoulders of the street and lane markings.
¶ 10. It is undisputed that proof of venue is indispensable to a criminal trial and it may be proved by direct or circumstantial evidence. Smith v. State, 646 Solid 538, 541 (Miss.1994). “The local jurisdiction of all offenses, unless otherwise provided by law, shall be in the county where committed.” Id. (citing Jones v. State, 606 So.2d 1051, 1055 (Miss.1992)).
¶ 11. In this ease, several witnesses testified during the State’s case-in-chief that the crime took place in Laurel, Jones County, Mississippi. It is not open to dispute that Laurel is located in the Second Judicial District of Jones County. We find that sufficient evidence was presented during the State’s case-in-chief to establish the requisite venue.
¶ 12. Campbell alleges in his next issue that reasonable fair-minded jurors could not have found him guilty of negligently killing another while under the influence of intoxicating liquor. Campbell argues that what happened on the night in question was an unavoidable accident and that his driving intoxicated was not a contributing factor to the accident. In other words, Campbell challenges the sufficiency of the evidence offered in support of his conviction.
¶ 13. Campbell undergirds his argument that what happened was an unavoidable accident due to the fact that the victim and his companions wore dark clothing and were walking in the street with their backs to oncoming traffic. Furthermore, Campbell explains that the area of First Avenue where the accident occurred contains a series of hills, that the street narrows at certain points, and that the street was unmarked and without sidewalks. Campbell implies that the physical layout of the street — coupled with the fact that the victims were wearing dark clothing, walking with their backs to traffic, and walking in the street in the path of traffic — made the accident not only unavoidable but inevitable. Campbell emphasizes a defense witness’s testimony that she did not observe Campbell speeding on the night of the accident and that he was driving straight in the center of his lane. Thus, Campbell maintains that there was no evidence that put his car off the side of the road.
¶ 14. In Mississippi, there is no requirement that the negligence which *180 caused the death of another be caused by the alcohol. Joiner v. State, 835 So.2d 42, 44(¶ 5) (Miss.2003); Miss Code Ann. § 63-11-30(5) (Supp.2003). The pertinent part of Mississippi Code Annotated section 63-11-30(5) states that “[e]very person who operates any motor vehicle in violation of the provisions of subsection (1) of this section and who in a negligent manner causes the death of another shall ... be guilty of a felony.” Miss.Code Ann. § 63-11-30(5) (Supp.2003).[1] Therefore, the State had the burden of proving that Campbell was not only driving under the influence of intoxicating liquor at the time of the accident, but that he performed a negligent act that caused the death of Bonner. Hedrick v. State, 637 So.2d 834, 837-38 (Miss.1994). The State was not required to prove that the intoxicating liquor caused or contributed to the accident, only that Campbell, while under the influence of intoxicating liquor, committed a negligent act that caused the death of Bonner.
¶ 15. We apply a familiar standard of review to the resolution of this issue:
The evidence is viewed in the light most favorable to the State, which also receives the benefit of any favorable inferences which may be reasonably drawn from the evidence. All credible evidence consistent with the guilty verdict is accepted as true, with issues of weight and credibility resolved by the jury. [An appellate] court will reverse only where reasonable and fair-minded jurors could only And the accused not guilty.
Johnson v. State, 642 So.2d 924, 927 (Miss.1994) (citations omitted).
It is unlawful for any person to drive or otherwise operate a vehicle within this state who (a) is under the influence of intoxicating liquor; (b) is under the influence of any other substance which has impaired such person's ability to operate a motor vehicle; (c) has an alcohol concentration of eight one-hundredths percent (.08%) ... or two one-hundredths percent (.02%) ... (e) has an alcohol concentration of four one-hundredths percent (.04%) or more in the person's blood....
¶ 16. Despite Campbell’s contentions, there is ample and overwhelmingly weighty evidence that supports his guilt. As we have previously mentioned, it is not necessary that the State prove that the intoxicating liquor was a proximate or proximate contributing cause of the death. Joiner, 835 So.2d at 44(¶ 5). It is sufficient if the proof shows that Campbell was under the influence of intoxicating liquor when he committed a negligent act which resulted in Bonner’s death.
¶ 17. Our supreme court has held that “[d]riving an automobile on the highway under the influence of intoxicants ... is not only dangerous ... it is per se negligence.” Adams v. Green, 474 So.2d 577, 583 (Miss.1985) (citations omitted). Here, Campbell had a blood alcohol level of .24%, his urine specimen contained .30% ethyl alcohol, and a Breathalyzer test showed an alcohol content of .204%. All these aforementioned tests were administered more than two hours after Campbell was first taken into custody by Officer Varnado.
¶ 18. In regards to Campbell’s contention that what happened was not only unavoidable but inevitable because the youths were walking in the street in the path of traffic, we find this contention is not reconciled with the testimony presented at trial. Bonner’s companions gave contradictory testimony. Taylor attested that the group walked in the street on the night in question but that his aunt instructed them to get in the grass when they saw a vehicle approaching. On the other hand, Evans, the aunt, avowed that they were never in the street at all.
*181 ¶ 19. It was for the jury to resolve the discrepancy between Taylor’s testimony and that of his aunt. Collier v. State, 711 So.2d 458, 462(¶ 18) (Miss.1998). “The jury has a much better vantage point to view and assess the tone, mannerisms, and disposition of witnesses.” King v. State, 798 So.2d 1258, 1262(¶ 14) (Miss.2001).
¶20. Campbell stipulated that Bonner died as a result of a direct impact sustained from a motor vehicle driven by Campbell. The proof was overwhelming that Campbell was intoxicated at the time. Whether he committed an act of negligence was a question for the jury to resolve. They resolved it against him notwithstanding the conflicting testimony. We cannot say that, on these facts, reasonable and fair-minded jurors could only find Campbell not guilty of negligently causing the death of Jeremy Bonner.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF JONES COUNTY OF CONVICTION OF CAUSING THE DEATH OF ANOTHER WHILE DRIVING NEGLIGENTLY AND WHILE INTOXICATED AND SENTENCE OF TWENTY-FIVE YEARS, WITH FIVE YEARS SUSPENDED, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTH-WICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.

. The pertinent portion of subsection one of section 63-11-30 reads as follows: