MAXWELL, J.,
for the Court:
¶ 1. Cedric Smith appeals the Pearl River County Circuit Court’s dismissal of his motion for post-conviction relief (PCR). *279 He argues: (1) he did not voluntarily waive his right to indictment by a grand jury; (2) his Alford plea[1] was involuntary and not supported by a sufficient factual basis; and (3) his trial attorney was constitutionally ineffective. Finding Smith’s allegations wholly unsupported by the record, we affirm.
FACTS
¶2. Smith was the baseball coach for Poplarville High School. In 2006, he began text messaging one of the school’s students, A.H., a fourteen year old girl. Several months later, Smith picked up A.H. near her home. He then drove her to the Poplarville High School baseball field, where he allegedly had sex with her in his car. Smith was thirty-five years old and A.H. was fourteen at the time. Smith waived indictment and entered an Alford plea to a one-count bill of information charging him with statutory rape. The State agreed to a non-binding recommendation that Smith serve five years’ imprisonment. But the circuit judge sentenced Smith to twenty years, with thirteen years suspended and seven to serve, followed by five years of post-release supervision. Smith filed a PCR motion, which the circuit court dismissed.
STANDARD OF REVIEW
¶ 3. Considering the dismissal of a PCR motion, we review the trial court’s findings of fact for clear error. Rowland v. State, 42 So.3d 503, 506 (¶ 8) (Miss.2010). We accept as true any evidence, together with the reasonable inferences that may be drawn from that evidence, which supports the trial court’s findings. Loden v. State, 971 So.2d 548, 572-73 (¶ 59) (Miss.2007). We defer to the circuit judge for witness credibility determinations. Id. at 573 (¶ 59). When reviewing questions of law, our standard is de novo. Rowland, 42 So.3d at 506 (¶ 8).
¶ 4. The burden is with the PCR movant to show by a preponderance of the evidence he is entitled to relief. Miss. Code Ann. § 99-39-23(7) (Supp.2011). A trial court may summarily dismiss a PCR motion where “it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief[.]” Miss.Code Ann. § 99-39-11(2) (Supp.2011). See also State v. Santiago, 773 So.2d 921, 923-24 (¶ 11) (Miss.2000). “We will affirm the summary dismissal of a PCR motion if the movant fails to demonstrate a claim procedurally alive substantially showing the denial of a state or federal right.” Woods v. State, 71 So.3d 1241, 1243 (¶ 2) (Miss.Ct.App.2011) (quotations omitted).
DISCUSSION
I. Waiver of Right to Indictment by Grand Jury
¶ 5. Smith first argues he did not voluntarily waive his right to be indicted by a grand jury. Article 3, section 27 of the Mississippi Constitution, provides that “[n]o person shall, for any indictable offense, be proceeded against criminally by information, except in cases ... where a defendant represented by counsel by sworn statement waives indictment[.]” Smith executed a sworn waiver of indictment, in which he attested:
I understand that I am entitled to have this matter presented to a lawfully constituted and impaneled grand jury of this county and district for a determination of whether an indictment should be returned against me herein, and I hereby expressly waive my right to be proceeded against by indictment and *280 consent to being proceeded against by information.
In his signed waiver, Smith further acknowledged his attorney had fully advised him of his rights and that he was “freely and voluntarily executing this waiver[.]”
¶ 6. Smith does not dispute executing the waiver of indictment. Nor does he contend that he did not understand what he was signing or its contents. He instead claims the trial court should have further advised him during his plea colloquy of his right of presentment to a grand jury. We agree the trial judge should have covered this right with him but find Smith’s recent challenge to the voluntariness of the waiver is merely conclusory and is contradicted by clear documentary evidence in the record. See Williams v. State, 770 So.2d 1048, 1051 (¶ 9) (Miss.Ct.App.2000).
¶ 7. We have held the Mississippi Constitution “allows for criminal proceedings by criminal information where a defendant represented by counsel has waived indictment by sworn statement.” Berry v. State, 19 So.3d 137, 138 (¶ 7) (Miss.Ct.App.2009); see also Diggs v. State, 46 So.3d 361, 364-65 (¶ 9) (Miss.Ct.App.2010); Edwards v. State, 995 So.2d 824, 826 (¶¶ 7-8) (Miss.Ct.App.2008). And here we cannot disregard that in signing the waiver, Smith acknowledged his attorney had fully advised him of his rights and that he was “freely and voluntarily executing this waiver[.]” Further, from our review it is apparent the negotiated waiver, Alford plea, and sentence recommendation were obviously carefully considered by Smith and were not the product of involuntary action.
¶ 8. Because Smith has not sufficiently explained how his waiver of indictment was involuntary — much less shown that it was actually involuntary — we find no merit to this assignment of error.
II. Factual Basis
¶ 9. Smith entered an Alford or best interest plea, which permits a defendant to plead guilty while at the same time maintaining his innocence where he voluntarily concludes his best interests require him to plead guilty. Cougle v. State, 966 So.2d 827, 830 (¶ 14) (citing Alford, 400 U.S. at 37, 91 S.Ct. 160) (citation omitted). Smith argues his Alford plea is invalid because the State’s accompanying factual basis did not show the offense occurred in Pearl River County, allegedly depriving the court of jurisdiction. He also challenges the sufficiency of the factual basis, claiming it did not establish sexual “penetration,” as required by statute.

A. General Requirements

¶ 10. Although an admission of guilt is not essential for a constitutionally valid guilty plea, a factual basis for the plea must exist. Reynolds v. State, 521 So.2d 914, 916 (Miss.1988). “[I]t is not error to accept a plea of guilt despite the defendant’s protestations of innocence where there exists substantial evidence of the defendant’s guilt.” Id. (quotations omitted). The factual basis must show each essential element of the offense. Carter v. State, 775 So.2d 91, 99 (¶ 35) (Miss.1999).
¶ 11. A sufficient factual basis requires “an evidentiary foundation in the record which is ‘sufficiently specific to allow the court to determine that the defendant’s conduct was within the ambit of that defined as criminal.’ ” Lott v. State, 597 So.2d 627, 628 (Miss.1992); see also Cougle, 966 So.2d at 831 (¶ 18) (citing Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)) (“[A] guilty plea must provide a trustworthy basis for believing that the defendant is in fact guilty.”). We review the entire record to discern whether a sufficient factual basis *281 exists. Boddie v. State, 875 So.2d 180, 183 (¶ 8) (Miss.2004).

B. Proof that Crime Occurred in Pearl River County

¶ 12. Smith argues the State provided the court “no proof whatsoever” the crime occurred in Pearl River County. We disagree. Though his bill of information is not tantamount to proof, we point out the document charged that he committed statutory rape in Pearl River County. When waiving indictment, Smith also admitted he was charged with committing the offense in Pearl River County. The State explained in its factual basis that the entire series of events leading to the statutory rape, as well as the offense itself, occurred in Poplarville, Mississippi, which wholly lies in Pearl River County. Finally, during Smith’s plea colloquy, he acknowledged that by entering his Alford plea, he was waiving the right to a jury trial in Pearl River County. So we find no substance to his venue and jurisdiction-based challenge.

C. Proof of Penetration

¶ 13. Smith next claims the State failed to establish a statutory rape, allegedly overlooking the necessary element of penetration. He argues this omission renders his guilty plea invalid. Mississippi Code Annotated section 97—3—65(l)(a) (Supp.2011) criminalizes statutory rape, as follows:
(a) Any person seventeen (17) years of age or older has sexual intercourse with a child who:
(i) Is at least fourteen (14) but under sixteen (16) years of age;
(ii) Is thirty-six (36) or more months younger than the person; and
(iii) Is not the person’s spouse....
The statute defines “sexual intercourse” as:
a joining of the sexual organs of a male and female human being in which the penis of the male is inserted into the vagina of the female or the penetration of the sexual organs of a male or female human being in which the penis or an object is inserted into the genitals, anus or perineum of a male or female.
Miss.Code Ann. § 97-3-65(6) (Supp.2011).
¶ 14. The State advised the court it intended to prove, through A.H.’s testimony, that Smith “had sex” with her. The State proffered it would show that before the two “had sex,” Smith sent a text message to A.H. asking, “Do you have a condom”? When A.H. responded “no,” Smith went to a Kangaroo gas station and purchased a condom.[2] Soon after, Smith picked A.H. up and drove her to the Pop-larville High School baseball field. Once Smith parked his car, “they began to touch each other in a sexual manner.” Smith “got on his knees on the floorboard,” then “told her to scoot to the end of the seat.” At this point, Smith “had sex” with A.H., then disposed of the condom on the way back to A.H.’s house.
¶ 15. “[A] factual showing does not fail merely because it does not flesh out the details which might be brought forth at trial.... Fair inference favorable to guilt may facilitate the finding.” Gaskin v. State, 618 So.2d 103, 106 (Miss.1993). A factual basis need only be sufficiently precise to allow a judge to determine whether “the defendant’s conduct was within the ambit of that defined as criminal.” Lott, 597 So.2d at 628.
¶ 16. That A.H. would testify Smith “had sex” with her was itself specific enough to establish sexual intercourse. *282 Taking fair inferences from this evidence and the surrounding circumstances, we find the State’s proffer was certainly sufficient to permit a determination that Smith’s conduct fell within the prohibition of sections 97-3-65(l)(a) and 97-3-65(6).
III. Voluntariness of Plea
¶ 17. Smith contends his plea was involuntary because the trial court did not explain the elements of statutory rape during his plea colloquy.
¶ 18. Smith entered an Alford plea. “Alford held that there was no constitutional error in accepting a guilty plea even when the defendant maintains his innocence.” Cougle, 966 So.2d at 829 (¶ 9). A valid Alford plea must “have been made after the defendant has ‘knowingly and intelligently concluded that his best interests require entry of the guilty plea.’ ” Id. at 830 (¶ 14) (citing Alford, 400 U.S. at 37, 91 S.Ct. 160) (citation omitted); see also Bush v. State, 922 So.2d 802, 805 (¶ 4) (Miss.Ct.App.2005). Though Smith need not have admitted committing the elements of the offense, his plea must have been a “voluntary and intelligent choice ... among the alternative courses of action available.” Hannah v. State, 943 So.2d 20, 25 (¶ 11) (Miss.2006) (citing Hill v. Lockhart, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) and Alford, 400 U.S. at 31, 91 S.Ct. 160).
¶ 19. Smith’s bill of information laid out the elements of statutory rape. Smith also swore in his waiver of indictment that defense counsel had explained to him the nature of the charged offense. In his quite detailed plea petition, Smith again acknowledged his attorney’s advice of the nature of the charge. Our courts have long held “[sjolemn declarations in open court carry a strong presumption of verity.” Baker v. State, 358 So.2d 401, 403 (Miss.1978). And Smith attested during his plea colloquy that his attorney had explained the bill of information and crime charged. He further acknowledged reading and understanding his plea petition, which contained a non-binding sentencing recommendation from the State and detailed the charged offense. We find it important to also point out that during his plea colloquy Smith waived the reading of his bill of information, representing that he understood the nature of the offense charged.
¶ 20. The United States Supreme Court has held that the Constitution does not require the trial court to explain the elements of the offense to the defendant. Bradshaw v. Stumpf, 545 U.S. 175, 183, 125 S.Ct. 2398, 162 L.Ed.2d 143 (2005). “Rather, the constitutional prerequisites of a valid plea may be satisfied where the record accurately reflects that the nature of the charge and the elements of the crime were explained to the defendant by his own, competent counsel.” Id. We find these mandates were met through Smith’s attorney.
IV. Ineffective Assistance of Counsel

A. Strickland

¶ 21. To prevail on his claim of ineffective assistance of counsel, Smith must show: (1) his counsel’s performance was deficient, and (2) the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To perform deficiently, an attorney must fail to meet “an objective standard of reasonableness.” Id. at 688. There is a “strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistancef.]” Id. at 689.
¶ 22. To establish prejudice, Smith must show a “reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would *283 have been different.” Id. at 694. In the context of guilty pleas, this means the defendant “must show that, were it not for counsel’s errors, he would not have [pled] guilty and would have insisted on going to trial.” Burrough v. State, 9 So.3d 368, 375 (¶ 22) (Miss.2009).
¶23. “[W]here a defendant voluntarily pleads guilty to an offense, he waives all non-jurisdictional rights incident to trial[.]” Hill v. State, 60 So.3d 824, 827 (¶ 6) (Miss.Ct.App.2011) (citing Anderson v. State, 577 So.2d 390, 391-92 (Miss.1991)). “This “waiver includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea.’ ” Id. (quoting United States v. Cavitt, 550 F.3d 430, 441 (5th Cir.2008)).

B. Smith’s Allegations

¶24. Smith claims his counsel was ineffective by: (1) failing to inform him of the elements of statutory rape; (2) failing to explain the nature of an Alford plea; (3) failing to explain “what was meant when he waived indictment[.]”; (4) erroneously advising him concerning “the rape shield laws contained in M.R.E .... 412(b)(2)(A)”; and (5) erroneously advising Smith that the State had possession of hundreds of text messages between Smith and the victim, A.H.
¶ 25. Smith’s allegations are not supported by any proof except his own affidavit. The Mississippi Supreme Court has held that a PCR movant may not rely solely on his own affidavit and unsupported allegations in his brief. Vielee v. State, 653 So.2d 920, 922 (Miss.1995). And “where an affidavit is overwhelmingly belied by unimpeachable documentary evidence in the recordf — ]such as, for example, a transcript or written statements of the affiant to the contrary! — ]to the extent that the court can conclude that the affidavit is a sham[,] no hearing is required.” Williams, 770 So.2d at 1051 (¶ 9). Because Smith’s first three allegations are contradicted by other documentary evidence in the record, including his plea petition, waiver of indictment, and plea hearing transcript, the circuit court properly disposed of them without a hearing.
¶26. His fourth and fifth assignments must additionally fail because Smith did not plead them with the required specificity. He did not identify the evidence he perceives would have been admissible under Rule 412(b)(2)(A) to impeach A.H.’s (the victim’s) testimony. Without specifying this evidence, Smith is obviously unable to explain how the unidentified evidence would have affected his plea. Smith further fails to point to any prejudice suffered because his counsel allegedly falsely told him the State possessed the content of hundreds of text messages exchanged between himself and A.H. Smith does not deny sending the text messages, or that the information would have been available had his case proceeded to trial. Nor does he explain how this issue would have been the tipping point in deciding whether to enter an Alford plea.
¶ 27. Smith initially acknowledged his satisfaction with his attorney’s representation. And our review shows his attorney carefully counseled Smith about the dangers of proceeding to trial, facing a young student’s detailed accusations of sexual intercourse, which were at least in part corroborated by other evidence. Considering deficiently pled allegations and lacking sufficient proof to second guess his trial counsel, we deny his ineffective-assistanee-of-counsel claim.
¶ 28. THE JUDGMENT OF THE PEARL RIVER COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS *284 AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, RUSSELL AND FAIR, JJ„ CONCUR.

. See North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

. A video from the gas station verified Smith entered the station that night.