MAXWELL, J.,
for the Court:
¶ 1. Meika DeSean Britton appeals the dismissal of his motion for post-conviction relief, in which he sought to set aside his Alford plea to one count of child solicitation.[1] Because we find that a sufficient factual basis supports his voluntary plea and that his attorney was not ineffective in representing him, we affirm.
Background
¶ 2. A DeSoto County grand jury charged Britton in July 2009 with one count of child exploitation. The indictment alleged that Britton had solicited a thirteen-year-old boy to depict sexual acts for the viewing of another person over a computer network in violation of Mississippi Code Annotated section 97-5-33(7) (Supp.2012). Maintaining his innocence but conceding the State had sufficient evidence to convict him, Britton entered an Alford plea to the charge. See North Carolina v. Alford, 400 U.S. 25, 37-38, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). At the conclusion of *93 the plea colloquy, the trial court accepted Britton’s plea and continued the case for sentencing.
¶ 3. But before sentencing, Britton tried to back out of the plea. He filed a pro se letter alleging, among other things, that his plea was involuntary and that he had received ineffective assistance of counsel. The trial court treated Britton’s letter as a motion to withdraw his guilty plea and held a hearing on the request. Britton and his defense counsel both testified at the hearing. The judge considered their testimony and found Britton had voluntarily and intelligently entered his plea. Thus, he denied the withdrawal request. Based on the State’s sentencing recommendation, the judge sentenced Britton to five years’ imprisonment, followed by ten years’ post-release supervision.
¶ 4. On December 19, 2011, Britton filed a PCR motion. He alleged: (1) there was an insufficient factual basis supporting his guilty plea, (2) his guilty plea was involuntary, (3) his indictment was substantively defective, and (4) his counsel was ineffective. By order dated February 16, 2011, the court dismissed Britton’s motion without an evidentiary hearing. Britton then filed a second PCR motion within ten days of the court’s ruling. The court treated this second PCR motion as one to alter or amend the judgment under Rule 59 of the Mississippi Rules of Civil Procedure. Once again, the court dismissed Britton’s motion without a hearing.
Discussion
¶ 5. In considering the dismissal of a PCR motion, we review the trial court’s findings of fact for clear error. Williams v. State, 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004). When reviewing issues of law, our standard is de novo. Id. “A circuit court may summarily dismiss a PCR motion ‘if it plainly appears from the face of the motion, any annexed exhibits[,] and the prior proceedings in the case that the movant is not entitled to any relief.’ ” Ivory v. State, 999 So.2d 420, 424 (¶ 9) (Miss.Ct.App.2008) (quoting Miss.Code Ann. § 99-39-11(2) (Rev.2007)). If the petitioner fails “to demonstrate a claim procedurally alive substantially showing denial of a state or federal right,” we will affirm the trial court’s dismissal. Id. (quoting Young v. State, 731 So.2d 1120, 1122 (¶ 9) (Miss.1999)) (internal quotations omitted).
I. Factual Basis for Guilty Plea
¶ 6. Britton first challenges the validity of his Alford plea, claiming there was an insufficient factual basis for the judge to accept his plea. Though an admission of guilt is not essential for a valid guilty plea, there must be a factual basis for the plea. Reynolds v. State, 521 So.2d 914, 916 (Miss.1988); URCCC 8.04(A)(3). A court may accept a guilty plea “despite the defendant’s protestations of innocence where there exists substantial evidence of the defendant’s guilt.” Reynolds, 521 So.2d at 916 (citing Alford, 400 U.S. at 38, 91 S.Ct. 160). In deciding the sufficiency of a factual basis, “we are allowed to review the record as a whole.” Boddie v. State, 875 So.2d 180, 183 (¶8) (Miss.2004) (citing Gaskin v. State, 618 So.2d 103, 106 (Miss.1993)). Upon review, we find the State provided a sufficient factual basis.
¶ 7. At Britton’s change-of-plea hearing, the State read Britton’s indictment. It then detailed the evidence it would offer to show Britton had solicited a child to make a “masturbation video.” The proffered proof included a forensic computer examiner’s testimony about messages sent by Britton over a computer network soliciting the minor to depict sexual acts for another viewer. The State also described Britton’s videotaped confession during which he admitted soliciting a minor on another person’s behalf. Britton *94 did not challenge the State’s proffered factual basis. Rather, he acknowledged his satisfaction that the State could prove, beyond a reasonable doubt, he was guilty of child solicitation.
¶8. From these facts, we find a more than ample factual basis for Britton’s Alford plea.
II. Voluntariness of Guilty Plea
¶ 9. Britton next argues he should have been permitted to withdraw his Alford plea because he had not been fully informed of the elements of child solicitation. He also takes issue with the erroneous maximum punishment listed in his plea petition.
¶ 10. “[T]he decision of whether to allow a defendant to withdraw a valid guilty plea ... lies within the discretion of the trial court.” Burrough v. State, 9 So.3d 368, 372-73 (¶ 11) (Miss.2009) (citing URCCC 8.04(A)(5)). “A plea of guilty is binding only if it is entered voluntarily and intelligently.” Brooks v. State, 89 So.3d 626, 629 (¶ 14) (Miss.Ct.App.2011) (citing Myers v. State, 583 So.2d 174, 177 (Miss.1991)). For a plea to be voluntary and intelligent, the defendant must be informed of the charges against him. Kelley v. State, 913 So.2d 379, 382 (¶ 5) (Miss.Ct.App.2005). He or she must also understand “the maximum and minimum penalties provided by law.” URCCC 8.04(A)(4)(b).
¶ 11. The burden remains with the defendant to prove the invalidity of a guilty plea by a preponderance of the evidence. Williams v. State, 31 So.3d 69, 74 (¶ 13) (Miss.Ct.App.2010) (citing Terry v. State, 839 So.2d 543, 545 (¶7) (Miss.Ct.App.2002)).

A. Elements of the Offense

¶ 12. Britton was charged with child solicitation under section 97-5-33(7). This particular subsection required the State to prove Britton did “knowingly entice, induce, persuade, seduce, solicit, advise, coerce or order a child to produce any visual depiction of adult sexual conduct or any sexually explicit conduct” by any means, including a computer. Miss.Code Ann. § 97-5-33(7).
¶ 13. While Britton acknowledged in his plea petition that his attorney “advised him of the elements” of the charged offense, the trial judge neither recited the elements of child solicitation nor asked Britton’s attorney if he had explained the charge to him. However, during the plea colloquy, the prosecutor read the charge aloud in Britton’s presence, which included the required elements. Specifically, the prosecutor proffered:
The [S]tate is prepared to prove by credible and admissible evidence beyond a reasonable doubt that this defendant between the dates of September 23, 2008, and January 5, 2009, did willfully, unlawfully, feloniously, purposely, knowingly entice, induce, persuade, seduce, solicit, advise, coerce, or order [a minor] to produce any visual depiction of adult sexual contact or any sexually explicit conduct.
¶ 14. We have previously addressed a similar challenge to the voluntariness of a defendant’s guilty plea, where the trial court neither advised the defendant of the elements of the crimes nor asked his defense counsel whether the elements had been explained to him. Williams, 31 So.3d at 79 (¶ 28). In Williams, the prosecutor, rather than the judge or defense counsel, made an on-the-record statement reiterating the charging language in the indictment. Id. at (¶ 29). In denying a claim similar to Britton’s, we reasoned that “a *95 prosecutor’s on-the-record statement properly identifying the elements of the crime should carry no less weight than an assurance to the court by either the defendant or defense counsel that counsel did so at some previous point off the record.” Id. at (¶ 28). Because the State’s proffer in Williams, like Britton’s case, included all of the required elements of the charged offense, we found “no constitutional infirmity with the elements of the crime ... being explained to the defendant by the prosecutor rather than the judge at a plea hearing.” Id.
¶ 15. As we did in Williams, we find the prosecutor’s on-the-record statement, made in front of Britton and his attorney during Britton’s plea hearing, which closely tracked the language of section 97-5-33(7), sufficiently informed Brit-ton of the required elements of child solicitation.

B. Consequences of Plea

¶ 16. Britton also claims he was not fully advised of the consequences of his plea. He attributes this to the plea petition listing the maximum sentence for child solicitation as twenty years, instead of the correct maximum, forty years. See Miss.Code Ann. § 97-5-35 (Rev.2006) (“Any person who violates any provision of Section 97-5-33 shall be guilty of a felony and upon conviction ... shall be imprisoned for not less than five (5) years nor more than forty (40) years.”).
¶ 17. While Britton’s plea petition misstated the maximum punishment, the trial court fully rectified this error. During the plea hearing, Britton’s attorney notified the trial judge that the incorrect maximum punishment was listed in Brit-ton’s plea petition. At this point, the judge advised Britton that, if he pled guilty to child solicitation, he could be sentenced to not less than five but not more than forty years. The judge asked Britton if he needed to confer with his attorney based on the revelation of the heightened maximum sentence. But Britton declined the opportunity to break and meet with counsel. Instead, he explained that he fully understood the forty-year maximum punishment. Britton then initialed the corrected maximum sentence on his plea petition and continued with his Alford plea. Thus, the record reflects Britton fully understood the consequences of his guilty plea.
III. Defective Indictment
¶ 18. Britton next contends his indictment was defective because it misspelled his first name as “Meike” rather than “Meika.” As a general rule, “a guilty plea waives all defects in an indictment with two exceptions — (1) failure to charge an essential element of a criminal offense and (2) subject[-]matter jurisdiction.” Black v. State, 806 So.2d 1162, 1164 (¶ 5) (Miss.Ct.App.2002). And we find neither of these types of material defects are present. Further, a mere clerical error in an indictment may be amended without submission to a grand jury, as it was here, by the trial judge. See URCCC 7.09. Britton did not object to remedying this clerical error, and he has never claimed he is not the person named in the charging instrument. So we find this claim lacks merit.
IV. Ineffective Assistance of Counsel
¶ 19. Lastly, Britton argues his attorney’s representation was constitutionally deficient. To prevail on an ineffective-assistance-of-counsel claim, Britton must show: (1) his counsel’s performance was deficient, and (2) the deficiency was prejudicial. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). “Both prongs must be pleaded with specific detail.” Clark v. State, 54 So.3d 304, 308 (¶ 13) (Miss.Ct.App.2011) (citing Coleman v. State, 749 So.2d 1003, *96 1012 (¶ 26) (Miss.1999)). There is a “strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance[.]” Strickland, 466 U.S. at 689, 104 S.Ct. 2052. For prejudice to exist, there must be a “reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Id. at 694, 104 S.Ct. 2052. Because Britton challenges a guilty plea based on ineffective assistance of counsel, he must show “counsel’s errors proximately resulted in the guilty plea and, but for counsel’s error, he would not have entered the guilty plea.” Deloach v. State, 937 So.2d 1010, 1011 (¶ 5) (Miss.Ct.App.2006).
¶ 20. While Britton raises numerous alleged deficiencies on his attorney’s part, his primary complaint is that his attorney misrepresented the nature of the plea agreement. Britton insists his attorney told him that, in exchange for his Alford plea, the State would allow him to remain out on bond pending sentencing and that he would not receive any post-supervision release. We find no viable record evidence to support Britton’s claims.
¶21. Under Mississippi Code Annotated section 99-39-9(1)(e) (Rev.2007), Brit-ton was required to provide the trial court with the affidavits of supporting witnesses who would testify and copies of documents or records he intended to use to prove his claim. The Mississippi Supreme Court has held that when a movant “offers only his affidavit, then his ineffective assistance of counsel claim is without merit.” Vielee v. State, 653 So.2d 920, 922 (Miss.1995).
¶22. Though Britton submitted statements and affidavits from witnesses with his PCR motion, only his affidavit bolsters his claim that his attorney was ineffective. But the plea-hearing transcript belies his attack on his attorney and the voluntariness of his Alford plea. The transcript shows the trial judge thoroughly questioned Britton about his understanding of the proceedings and satisfaction with his attorney. And Britton maintained he had fully discussed his case with his attorney and was satisfied with his lawyer’s advice. Absent supporting affidavits from witnesses other than Britton or record evidence that contradicts his sworn testimony, we cannot find Britton’s attorney was ineffective.
¶ 23. THE JUDGMENT OF THE DE-SOTO COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR.

. An Alford plea is a guilty plea in which a defendant does not acknowledge guilt, but concedes the government’s evidence is sufficient to prove his guilt beyond a reasonable doubt. See North Carolina v. Alford, 400 U.S. 25, 37-38, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).