ROBERTS, J.,
for the Court:
¶ 1. Aimee Bracey Porter pled guilty to DUI manslaughter and DUI mayhem. Porter subsequently filed a motion for post-conviction relief (PCR). Porter claimed that (1) she received ineffective assistance of counsel; (2) there was an insufficient factual basis for her guilty pleas; (3) new evidence suggested that she was not the proximate cause of the victims’ death or injury; and (4) the circuit court lacked jurisdiction to amend her sentence after the term of court expired.[1] Ordered to respond to Porter’s PCR motion, the State argued that Porter’s claims had no merit. The Marion County Circuit Court summarily dismissed Porter’s first three claims. However, the circuit court agreed that it had no authority to modify Porter’s sentence after the expiration of the term of court during which she had pled guilty.
¶ 2. Porter appeals. After careful consideration, we find that the record does not contain an adequate factual basis to support Porter’s guilty pleas. Accordingly, we reverse the circuit court’s judgments, render judgments in Porter’s favor, set aside her guilty pleas, and remand Porter’s charges to the circuit court’s active trial docket.
FACTS AND PROCEDURAL HISTORY
¶ 3. During November 2006, Porter was driving on Highway 98 in Marion County, Mississippi. Porter, a twenty-seven-year-old college-educated public-school teacher, was driving in the left lane of the four-lane highway when she was involved in a collision with Matthew Riley’s vehicle. Riley had been driving in the right lane of the four-lane highway. Riley’s wife and their two children were passengers in Riley’s vehicle. Tragically, the Rileys’ daughter, Alyssa, died. Their other daughter, Carmen, was injured.
¶ 4. Trooper Ronald Rayburn of the Mississippi Highway Patrol (MHP) responded to the scene of the collision. Trooper Rayburn told Porter that MHP’s policy was to obtain a blood sample from any driver who had been involved in a collision that resulted in death. Consequently, Trooper Rayburn asked Porter to consent to having her blood drawn. Porter consented. Approximately three hours later, Porter’s blood was drawn. Subsequent testing revealed that Porter’s blood contained 2.9 micrograms per milliliter of Carisprodal, 5.9 micrograms per milliliter of Meprobamate, and 99 nanograms per milliliter of hydro-codone.
¶ 5. A Marion County grand jury returned an indictment against Porter and charged her with DUI manslaughter and DUI mayhem. Porter pled guilty to both charges on July 30, 2008. For DUI manslaughter, the circuit court sentenced Porter to twenty years in the custody of the Mississippi Department of Corrections (MDOC), with fifteen years to serve, followed by five years of post-release supervision. For DUI mayhem, the circuit court *71 sentenced Porter to twenty years in the custody of the MDOC, with five years to serve, followed by fifteen years of post-release supervision — five of which were to be reporting post-release supervision. Additionally, the circuit court set Porter’s sentence for DUI mayhem to run consecutively to her sentence for DUI manslaughter.
¶ 6. Porter filed a PCR motion and claimed that she had received ineffective assistance of counsel. In particular, Porter argued that her previous retained attorney, James K. Dukes Jr., failed to adequately investigate her possible defenses. According to Porter, Dukes had told her that she was “undoubtedly under the influence” of a controlled substance at the time of the accident. Porter argued that Dukes’s opinion was based solely on his layman’s review of her blood-test results. Porter noted that Dr. Steven Hayne, a forensic pathologist, had reviewed her blood-test results after the circuit court had sentenced her. Porter further noted that, according to Dr. Hayne, the concentrations of the medications in her blood indicated that she was not impaired at the time of the accident. To support her claim, Porter attached Dr. Hayne’s report and his sworn affidavit to her PCR motion.
¶ 7. Porter also argued that Dukes had failed to investigate her claim that her right-front tire blew out immediately before the accident. According to Porter, because her right-front tire had blown out, her vehicle drifted into the right lane of the four-lane highway and collided with the Rileys’ vehicle. Stated differently, Porter claimed that the collision was not caused by any negligence on her part. Porter claimed that she had told Dukes about her potential defense, but Dukes had not investigated it. Porter said that she would not have pled guilty if Dukes would have adequately investigated her two potential defenses.
¶ 8. Additionally, Porter argued that Dukes should have tried to prevent the prosecution from attempting to introduce her blood-test results because she did not voluntarily consent to the blood test. Porter further argued that her blood was drawn outside of the two-hour window contemplated by Mississippi Code Annotated section 68-11-8 (Rev.2004). Porter’s final three issues were that (1) there was an insufficient factual basis for her guilty pleas; (2) the circuit court erred when it amended her sentencing order after the term of court during which she had pled guilty; and (3) she was not the proximate cause of the accident.[2]
¶ 9. As mentioned above, the circuit court ordered the State to respond to Porter’s PCR motion, and the State argued in its response that Porter was not entitled to any relief. Without conducting an evidentiary hearing, the circuit court held that it erred when it amended Porter’s sentencing order after the relevant term of court had expired. Otherwise, the circuit court summarily dismissed Porter’s remaining claims. Porter appeals. Because we find that there was an insufficient factual basis to support Porter’s guilty pleas, we do not address Porter’s other issues on appeal.
STANDARD OF REVIEW
¶ 10. “This Court will not disturb a trial court’s dismissal of a [motion] for post-conviction relief unless the trial court’s decision was clearly erroneous.” Wardley v. State, 37 So.3d 1222, 1223-24 *72 (¶ 4) (Miss.Ct.App.2010). A PCR motion may be summarily dismissed “where ‘it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.’ ” White v. State, 59 So.3d 633, 635 (¶ 4) (Miss.Ct.App.2011) (quoting Miss. Code Ann. § 99-39-11(2) (Supp.2010)). Questions of law receive a de novo review. Id.
ANALYSIS
FACTUAL BASIS
¶ 11. Porter claims there was an insufficient factual basis for her guilty pleas. We agree. Based on the resolution of this issue, Porter’s other issues are moot.
¶ 12. Rule 8.04(A)(3) of the Uniform Circuit and County Court Rules provides that “[b]efore the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea.” (Emphasis added). “A sufficient factual basis requires an evidentiary foundation in the record which is sufficiently specific to allow the court to determine that the defendant’s conduct was within the ambit of that defined as criminal.” Smith v. State, 86 So.3d 276, 280 (¶ 11) (Miss.Ct.App.2012) (citations and quotations omitted). “We review the entire record to discern whether a sufficient factual basis exists.” Id. at 280-81 (¶ 11) (citation omitted).
¶ 13. “The factual-basis component of the rule requires that, before it may accept the plea, the circuit court have before it, inter alia, substantial evidence that the accused did commit the legally defined offense to which he is offering the plea.” Burrough v. State, 9 So.3d 368, 373 (¶ 14) (Miss.2009) (quoting Corley v. State, 585 So.2d 765, 767 (Miss.1991)). “There are numerous ways by which the facts may be found, but what ultimately is required is there must be enough that the court may say with confidence the prosecution could prove the accused guilty of the crime charged.” Burrough, 9 So.3d at 373 (¶ 14) (citation omitted). “A factual showing does not fail merely because it does not flesh out the details which might be brought forth at trial. Fair inference favorable to guilt may facilitate the finding.” Smith, 86 So.3d at 281 (¶ 15) (quoting Gaskin v. State, 618 So.2d 103, 106 (Miss.1993)).
¶ 14. A defendant can establish a factual basis for a guilty plea simply by pleading guilty; however, the guilty plea “must contain factual statements constituting a crime or be accompanied by independent evidence of guilt.” Hannah v. State, 943 So.2d 20, 26-27 (¶ 16) (Miss.2006). In other words, “a factual basis is not established by the mere fact that a defendant enters a plea of guilty.” Id. at 27 (¶ 16). Finally, an appellate court is not limited to a review of a defendant’s plea transcript when determining if a factual basis existed for a guilty plea. Boddie v. State, 875 So.2d 180, 183 (¶ 8) (Miss.2004). Instead, we may review the record as a whole. Id.
¶ 15. Porter was indicted for two violations of Mississippi Code Annotated section 63-11-30(5) (Rev.2004). Specifically, Porter was charged as follows:
COUNT ONE
On or about the 3rd day of November, 2006[,] the defendant, ... Porter, did then and there willfully, unlawfully[,] and feloniously drive or operate a vehicle in the county of Marion, Mississippi[,] at a time in which she was under the influence of one or more controlled substances, to wit: Meprobamate, a [schedule IV [controlled [s]ubstance under [s]ection 41 — 2[9]—119 of the Mis *73 sissippi Code of 1972, as amended[,] and [hjydrocodone, a [sjchedule III [c]on-trolled [s]ubstance under [s]ection 41-29-117 of the Mississippi Code of 1972, as amended, and [Porter], at that time, in a negligent manner, did cause the death of a human being, Alyssa Brook Riley, contrary to and in violation of [s]ection 63-11-30(5) of the Mississippi Code of 1972, as amended[,] against the peace and dignity of the State of Mississippi, and
COUNT TWO
On or about the 3rd day of November, 2006[,] the defendant, ... Porter, did willfully, unlawfully[,] and feloniously operate and drive a motor ... vehicle in the County of Marion, Mississippi^] during a time in which she ... was under the influence of one or more controlled substances, to wit: Meprobamate ... and [h]ydrocodone ..., and as a direct and proximate result[,] did cause serious bodily injury to Carmen Riley, a human being, contrary to and in violation of [s]ection 63-11-30(5) ... against the peace and dignity of the State of Mississippi. ...
¶ 16. There must be a sufficient factual basis that Porter (1) was impaired by controlled substances prior to the accident; (2) was operating a vehicle in Marion County, Mississippi; and (3) performed a negligent act that caused Alyssa’s death and Carmen’s serious bodily injury. See Joiner v. State, 835 So.2d 42, 43-44 (¶ 5) (Miss.2003) (citation omitted). During the guilty-plea colloquy, the circuit court asked Porter whether she wanted to have the indictment read to her. Porter’s attorney, Dukes, stated that Porter “waived” having the indictment read to her. But even if the circuit court had read the indictment to Porter, the indictment did not include specific factual details regarding the manner in which Porter was negligent. Count one of the indictment merely accused Porter of causing Alyssa’s death “in a negligent manner.” Count two of the indictment did not even allege that Porter committed a negligent act that caused Carmen’s serious bodily injury.
¶ 17. In Smith, 86 So.3d at 281 (¶ 14), this Court noted that, during Smith’s guilty-plea hearing, the prosecution discussed the evidence that it was prepared to present in the event that Smith opted to go to trial. Unlike Smith, there is nothing from which this Court may infer Porter’s guilt. Although Porter waived having the indictment read to her, the record still must indicate that Porter’s conduct “was within the ambit of that defined as criminal.” Id. at 280 (¶ 11).
¶ 18. Porter’s guilty-plea petition did not include sufficient details to satisfy that standard. Porter’s guilty-plea petition is a four-page form. At paragraph thirteen, the following statement appears: “I plead ‘GUILTY’ and request the [c]ourt to accept my plea of ‘GUILTY’ and to have entered my plea of ‘GUILTY’ on the basis of (state involvement in crime).” A blank line follows that statement. On that blank line, Porter or Dukes wrote: “under the influence of prescription medication.” There is no reference to any of the other necessary elements of the crimes.
¶ 19. During Porter’s guilty-plea hearing, the State did not recite the evidence that it was prepared to present. Porter did not discuss the facts of the accident at all. And although the State attached affidavits to its response to Porter’s PCR motion, and those affidavits indicated that she had been driving erratically before the collision, those affidavits were never discussed before she pled guilty or during her guilty-plea hearing. The State did not introduce those affidavits into the record when Porter pled guilty. The first time those affidavits appear in the record is when the State responded to Porter’s PCR *74 motion, which was more than three years after Porter’s guilty pleas. Those affidavits cannot operate as some form of a nunc pro tunc factual basis to accept Porter’s guilty pleas. To reiterate, a guilty plea under section 63-11-30(5) must include a factual basis that (1) Porter had been driving in Marion County, Mississippi; (2) while she was driving, she was impaired by controlled substances; and (3) she performed a negligent act that caused Alyssa’s death and Carmen’s serious bodily injury. See Campbell v. State, 858 So.2d 177, 180 (¶ 14) (Miss.Ct.App.2003) (citing Hedrick v. State, 637 So.2d 834, 837-38 (Miss.1994)). There was simply no factual basis to support a conclusion that Porter performed a negligent act that caused Alyssa’s death or Carmen’s injury. Therefore, we conclude that the circuit court’s decision to dismiss Porter’s PCR motion was clearly erroneous.
¶ 20. THE JUDGMENT OF THE MARION COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS REVERSED, JUDGMENT SETTING ASIDE HER GUILTY PLEAS IS RENDERED IN HER FAVOR, AND THE CHARGES ARE REMANDED TO THE CIRCUIT COURT’S ACTIVE TRIAL DOCKET. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARION COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P JJ., ISHEE, FAIR AND JAMES, JJ., CONCUR. BARNES, J, CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. MAXWELL, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. CARLTON, J., NOT PARTICIPATING.

. During the June 2008 term of court, the circuit court originally ordered Porter to pay a $1,000 fine and approximately $150,000 in restitution. The circuit court further ordered Porter to "diligently increase her monthly payment over time in order to make full restitution.” After the June 2008 term of court had expired, the circuit court heard an ore tenus motion for clarification of its previous order. The circuit court subsequently held that Porter was obligated to pay restitution to the victims' family regardless of whether they were able to obtain a recovery against Porter’s insurance policy.

. Porter’s claim that she was not the proximate cause of the accident was based on the fact that the Rileys had sued Ford Motor Company and alleged that a faulty seat belt was responsible for Alyssa's death and Carmen’s injury.