# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-00501-COA

ABEL J. DEDEAUX A/K/A ABEL JEROME                    APPELLANT
DEDEAUX A/K/A ABEL DEDEAUX A/K/A ABLE
JEROME DEDEAUX

v.

STATE OF MISSISSIPPI                                 APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 02/18/2015 |
| TRIAL JUDGE: | HON. CHRISTOPHER LOUIS SCHMIDT |
| COURT FROM WHICH APPEALED | HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | ABEL J. DEDEAUX (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LADONNA C. HOLLAND |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION FOR POST-CONVICTION RELIEF DENIED |
| DISPOSITION: | AFFIRMED – 05/17/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., CARLTON AND JAMES, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1. Abel Dedeaux appeals the judgment of the Circuit Court of Harrison County denying his motion for post-conviction relief (PCR). He raises six issues, which are overlapping and interrelated. Therefore, we condense and summarize his issues as follows: (1) whether the circuit court abused its discretion in denying his motion to withdraw his guilty plea, (2) whether he received ineffective assistance of counsel, and (3) whether the State presented sufficient evidence to support his conviction and the finding of habitual-offender status.

¶2.     Finding no error, we affirm.

**FACTS**

¶3.     On October 14, 2013, Dedeaux was indicted for unlawful possession of a firearm by a convicted felon under Mississippi Code Annotated section 97-37-5 (Rev. 2014).  On August 21, 2014, the circuit court accepted his plea of guilty to that charge but deferred his sentencing to the following Monday so that he could attend his grandmother's funeral over the weekend.  However, when his case was called for sentencing on August 25, 2014, Dedeaux made an ore tenus motion to withdraw his guilty plea, and the circuit court reluctantly allowed him to do so.  On August 26, 2014, after reflecting on the matter, the circuit judge, over Dedeaux's objection, changed his mind and withdrew permission for Dedeaux to withdraw his guilty plea.  The circuit court then found Dedeaux guilty of possession of a firearm by a convicted felon and sentenced him to serve six years in the custody of the Mississippi Department of Corrections.  Dedeaux filed a motion for reconsideration on September 5, 2014, and a written motion to withdraw his guilty plea on September 12, 2014, both of which were denied by the circuit court on September 18, 2014. He later filed a PCR motion, which the circuit court summarily denied on February 18, 2015, resulting in this appeal.

**DISCUSSION**

¶4.     "We review a circuit court's denial of a PCR motion under a clearly-erroneous standard of review." *Vanwey v. State*, 147 So. 3d 367, 369 (¶8) (Miss. Ct. App. 2014)

(quoting *McLaurin v. State*, 114 So. 3d 811, 813 (¶4) (Miss. Ct. App. 2013)).  "However, where questions of law are raised, the applicable standard of review is de novo."  *Chaney v. State*, 121 So. 3d 306, 308 (¶4) (Miss. Ct. App. 2013) (citing *Terry v. State*, 755 So. 2d 41, 42 (¶4) (Miss. Ct. App. 1999)).

### I.      Denial of Dedeaux's Motion to Withdraw His Guilty Plea

¶5.      Dedeaux alleges that the circuit court abused its discretion by denying his motion to withdraw his guilty plea.  He argues that the court's ruling on August 25, 2014, allowing him to withdraw his guilty plea, conflicts with his sentencing order.  While Dedeaux does not explain how that is so, we presume Dedeaux is contending that since he was allowed to withdraw his guilty plea, he could not be subjected to a sentencing order without first being found guilty by a jury.  He further argues that the reinstatement of his guilty plea was improper, because the plea agreement should have been void at the point the withdrawal was allowed by the court.  In addition, he contends that, after the plea was reinstated, he filed a motion for reconsideration but never received a copy of the court's order denying his motion for reconsideration.  In Dedeaux's view, this constituted reversible error.

¶6.      In response, the State argues that the trial court did not abuse its discretion by reinstating Dedeaux's guilty plea. The State further argues that the court ruled that Dedeaux had entered into his plea agreement "voluntarily and intelligently," which made it binding. *Britton v. State*, 130 So. 3d 90, 94 (¶10) (Miss. Ct. App. 2013) (quoting *Brooks v. State*, 89 So. 3d 626, 629 (¶14) (Miss. Ct. App. 2011)).  "To determine whether the plea is voluntarily

and intelligently given, the trial court must advise the defendant of his rights, the nature of the charge against him, as well as the consequences of the plea." *Burrough v. State*, 9 So. 3d 368, 373 (¶11) (Miss. 2009) (citing *Harris v. State*, 806 So. 2d 1127, 1130 (¶9) (Miss. 2002)). The State asserts that the record supports a finding that the court adequately informed Dedeaux of the rights that he would be giving up, the nature of the charges against him, as well as the consequences of the plea, which is all that is required for a valid guilty plea.

¶7. In addition, the State argues that "the decision of whether to allow a defendant to withdraw a valid guilty plea lies within the discretion of the trial court." *Britton,* 130 So. 3d at 94 (¶10) (quoting *Burrough*, 9 So. 3d at 372-73 (¶11) (citing URCCC 8.04(A)(5))). The State also correctly asserts that not receiving a copy of the order denying a motion for reconsideration is not a cognizable ground for relief delineated under the Mississippi Uniform Post-Conviction Collateral Relief Act. Miss. Code Ann. § 99-39-5 (Rev. 2015). Based on our caselaw, we find that the circuit court did not abuse its discretion when it reversed its initial decision that allowed Dedeaux to withdraw his guilty plea. Therefore, no error exists with respect to the enforcement of Dedeaux's plea agreement.

## II. *Ineffective Assistance of Counsel*

¶8. Dedeaux argues that he received ineffective assistance of counsel and was forced to proceed despite a conflict with his attorney in violation of his Sixth Amendment rights. He alleges that Attorney Theressia Lyons was retained by him and that she failed to make certain

4

objections and to file certain motions with the court, pointing specifically to Lyons's failure to file a motion to suppress. Dedeaux further alleges that because Lyons failed to file those motions, "her performance fell below all objective standard[s] of reasonableness," and "[her] performance prejudiced [him], resulting in [a] fundamentally unfair outcome of the proceeding."

¶9.     In response, the State argues that the vagueness of Dedeaux's assertions makes it impossible to determine whether Lyons's actions were deficient. The State further argues that the burden was on Dedeaux, as the defendant, to show that his attorney's performance was deficient and that he was subsequently prejudiced under the *Strickland*[1] two-part test. *Finley v. State*, 739 So. 2d 425, 427 (¶5) (Miss. Ct. App. 1999) (citations omitted). In addition, the State contends that "counsel's choice of whether or not to file certain motions . . . falls within the ambit of trial strategy." *Scott v. State*, 742 So. 2d 1190, 1196 (¶14) (Miss. Ct. App. 1999) (citing *Cole v. State,* 666 So. 2d 767, 777 (Miss. 1995)). The State further contends that a valid guilty plea results in the waiver of a claim of ineffective assistance of counsel unless the claim relates to the voluntariness of the plea. *Smith v. State*, 86 So. 3d 276, 283 (¶23) (Miss. Ct. App. 2012).

¶10.    This Court agrees with the State's arguments and finds that Dedeaux entered into a

---

[1] A claim of ineffective assistance of counsel is judged by the standard in *Strickland v. Washington*, 466 U.S. 668 (1984). The two inquiries under that standard are (1) whether counsel's performance was deficient, and, if so, (2) whether the deficient performance was prejudicial to the defendant in the sense that our confidence in the correctness of the outcome is undermined. *Id*. at 687.

valid plea agreement, and his ineffective-assistance-of-counsel claim does not relate to the voluntariness of his plea. *See id.* Therefore, Dedeaux's claim of ineffective assistance of counsel fails. *See id.* The decisions made by Dedeaux's counsel did not rise to the level of ineffective assistance since they were discretionary decisions within the ambit of trial strategy. *See Scott*, 742 So. 2d at 1196 (¶14). Finally, during the court proceedings on August 21, 2014, Dedeaux, while entering his plea agreement, stated that he was satisfied with the services of his counsel. Accordingly, this issue is without merit.

### III. Sufficiency of the Evidence: Habitual-Offender Status and Conviction

¶11. Dedeaux argues that the State failed to prove his habitual-offender status. In support of this argument, Dedeaux asserts that the State failed to provide him with certified copies of his prior convictions. However, Dedeaux admits that the State informed him of the habitual-offender status and provided on the record a recitation of his prior felonies. Moreover, the record reflects that Dedeaux's prior felonies are listed in his plea petition that he signed in the presence of the circuit judge after the State had read into the record the information regarding those prior felonies. Dedeaux also alleges that the State's evidence against him was insufficient to support his conviction and that the State's failure to present adequate evidence of his guilt resulted in a violation of his Fourteenth Amendment right to due process. He also alleges, without explanation, that his Fourth Amendment rights were violated.

¶12. In response, the State argues that "the requirement that the State prove the existence

6

of the prior convictions . . . [is] negated by . . . [the] decision to enter a guilty plea." *Easley v. State*, 60 So. 3d 812, 816 (¶15) (Miss. Ct. App. 2011). Notwithstanding *Easley*, the State contends that Dedeaux's habitual-offender status was in fact proven. The State points out that the indictments and sentencing orders from Dedeaux's previous felonies were entered into evidence during the plea hearing. The prior felony convictions of robbery and leaving the scene of an accident satisfy the statute, and the record supports the State's assertions. Dedeaux was properly indicted as a habitual offender under section 99-19-81.

¶13. In regard to Dedeaux's argument that the evidence supporting his conviction was insufficient, the State properly argues that "[a] guilty plea operates to waive the defendant's . . . right that the prosecution prove each element of the offense beyond a reasonable doubt." *Garrett v. State*, 110 So. 3d 790, 793 (¶9) (Miss. Ct. App. 2012) (quoting *Jefferson v. State*, 556 So. 2d 1016, 1019 (Miss. 1989)). As previously stated, Dedeaux voluntarily entered a valid guilty plea, waiving his right to have the State prove each element of the offense beyond a reasonable doubt. This issue is without merit.

¶14. In summary, we find no merit to any of the issues raised by Dedeaux. Therefore, it follows that the judgment of the circuit court should be affirmed.

¶15. **THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY, FIRST JUDICIAL DISTRICT, DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, FAIR AND GREENLEE, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION. WILSON, J., CONCURS IN PART AND IN THE**

**RESULT  WITHOUT SEPARATE WRITTEN OPINION.**